MADISON CAPITAL COMPANY, LLC, a Delaware limited liability company, Plaintiff–Appellee,

v.

STAR ACQUISITION VIII, a Colorado limited liability company; Star Acquisition VII, a Colorado limited liability company; Star Resources, a Colorado limited liability company; and Tom Stover, an individual, Defendants–Appellants.

No. 08CA1512.

Colorado Court of Appeals, Div. VI.

May 14, 2009.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2008.

Brownstein Hyatt Farber Schreck, LLP, Timothy R. Beyer, Richard P. Barkley, Richard B. Benenson, Denver, Colorado, for Plaintiff–Appellee.

William E. Zimsky, P.C., William E. Zimsky, Durango, Colorado, for Defendants–Appellants.

Opinion by Judge TERRY.

Defendants, Star Acquisition VIII, Star Acquisition VII, Star Resources, and Tom Stover (Star), appeal the trial court's orders finding Star in indirect contempt and imposing remedial sanctions. We dismiss the appeal in part, affirm in part, reverse in part, and remand with directions.

## I.  Background

In 2006, Star and plaintiff, Madison Capital Company, LLC (Madison), entered into an agreement involving the financing and operation of various oil and gas properties in Colorado and New Mexico.

In 2007, after commencement of this action, the parties entered into a Stipulated Order, approved by the court, which required Star to make available to Madison the books and records regarding the operation of the properties and to remit funds to Madison. Madison later moved under C.R.C.P. 107(d)(2) for an order to show cause why Star should not be held in contempt because Star had not complied with certain terms of the Stipulated Order.

Following an evidentiary hearing, the trial court found Star in contempt of the Stipulated Order, and on April 11, 2008, issued a written order entering remedial sanctions against Star (Contempt Order). As part of the sanctions, Star was given ten days to make available the information ordered by the court, and the court imposed a $5,000 per day fine for every day Star failed to comply with the Contempt Order. The court also awarded Madison its reasonable attorney fees and costs in connection with Star's violation of the Order, but the court reserved determination of the amount of attorney fees and costs until after Madison submitted its request under C.R.C.P. 121 § 1–22. That request was submitted two weeks later, and

on June 4, 2008, the court awarded Madison $89,323.77 in attorney fees and $7,339.18 in costs (Attorney Fees Order).

Madison filed a motion in May 2008, asserting that Star had violated the Contempt Order. After a hearing, the court entered an order on August 6, 2008, stating that Star had been in violation of the Contempt Order for fifty-eight days, and determining that, at $5,000 per day, Star owed a total fine of $290,000. The court stated that the fine bore a rational relationship to the value of the properties, which were worth "well into the tens of millions of dollars."

Star filed a notice of appeal on July 21, 2008, and now appeals both the Contempt Order and the Attorney Fees Order.

## II.  Contempt Order

■ Star initially contends the trial court lacked authority to impose a $5,000 per day fine as a remedial sanction for its failure to comply with the April 11, 2008, Contempt Order. We conclude this court lacks jurisdiction to consider Star's appeal of the Contempt Order because Star did not file a timely appeal of that order.

We recognize that this conclusion differs from an earlier ruling of the motions division, which declined to dismiss the appeal of the Contempt Order, but granted the parties leave to raise the jurisdictional issue again in their briefs on the merits. We respectfully disagree with the motions division's order.

A remedial sanction for contempt is imposed to force compliance with a lawful order or to compel performance of an act within the person's power or present ability to perform. C.R.C.P. 107(a)(5). For purposes of appeal, an order deciding the issue of contempt and sanctions is a final order. C.R.C.P. 107(f); *Securities Investor Prot. Corp. v. First Entm't Holding Corp.*, 36 P.3d 175, 178 (Colo.App.2001).

■ In *Securities Investor*, a division of this court noted the requirement of C.R.C.P. 107(f) that, "to constitute a final order, the determination of sanctions must be completed." 36 P.3d at 178. Here, in addition to declaring Star in contempt, the Contempt

Order imposed a $5,000 fine upon Star for every day it did not provide the documents to Madison. In declaring Star in contempt and fixing the fine that would be assessed if Star did not comply with the Contempt Order, the trial court "decid[ed] the issue of contempt and sanctions," C.R.C.P. 107(f); thus, the determination of sanctions was "completed," and therefore, the Contempt Order was final and appealable under that rule.

Although the Contempt Order did not determine the total amount of the sanctions that would ultimately be assessed, that amount was merely contingent on how long it would take Star to comply with the Order. The fact that the court would be required to tally the total fine at a later date had no bearing on the finality of the Contempt Order. To hold to the contrary would contravene the policy behind C.R.C.P. 107(f), which is to encourage prompt and timely appeal of contempt orders, and would allow the party in contempt to control the period for filing an appeal—and thus hold the appellate process hostage—by delaying compliance with the trial court's order.

■ Contrary to Star's contention, the trial court's later Attorney Fees Order (which determined the reasonable amount of attorney fees and costs to be awarded) did not affect the finality or appealability of the Contempt Order. A final judgment on the merits is appealable regardless of any unresolved issue of attorney fees. *Baldwin v. Bright Mortgage Co.*, 757 P.2d 1072, 1074 (Colo. 1988) (establishing bright line rule that a decision on the merits is a final judgment for appeal purposes despite any outstanding issue of attorney fees).

*Corinthian Hill Metropolitan District v. Keen*, 812 P.2d 721 (Colo.App.1991), does not support Star's position. That case involved an indemnification claim that could not be finalized until the full amount of the award— including the amount of attorney fees—was resolved. Unlike here, the attorney fees to be awarded in *Corinthian Hill* were not supplemental to the judgment but were an integral part of the claim. *Id.* at 722; cf. *Baldwin*, 757 P.2d at 1074 (attorney fees awarded were supplemental to, and not part of, substance of relief sought).

Under C.R.C.P. 107(f) and C.A.R. 4(a), Star's appeal of the Contempt Order had to be filed within forty-five days after the Contempt Order entered. The time to appeal that order expired on May 26, 2008. Because Star did not file its notice of appeal until July 21, 2008, that portion of its appeal based on the Contempt Order is untimely, and is therefore dismissed. *See Collins v. Boulder Urban Renewal Auth.*, 684 P.2d 952, 954 (Colo.App.1984) (forty-five day deadline under C.A.R. 4(a) for filing notice of appeal is jurisdictional, and strict compliance is required). However, because Star timely appealed the Attorney Fees Order, we will consider its appeal of that order.

### III. Attorney Fees Order

#### A. Standard for Award of Attorney Fees

■ Star next contends the trial court applied the wrong standard in determining the reasonableness of Madison's attorney fees. Star contends the trial court erred in (1) concluding it was bound to accept at face value Madison's affidavits as to whether the attorney fees were reasonable or duplicative; (2) refusing to consider the signed statements of Star's counsel in Star's opposition to Madison's motion as evidence challenging the reasonableness of attorney fees; and (3) failing to independently examine and weigh the reasonableness of the attorney fees. We are not persuaded by these arguments.

■ We review de novo the legal analysis employed by the trial court in reaching its decision to award attorney fees. *See Colo. Citizens for Ethics in Gov't v. Comm. for Am. Dream*, 187 P.3d 1207, 1220 (Colo.App. 2008). However, the determination of what constitutes reasonable attorney fees is a question of fact for the trial court and will not be overturned on appeal unless it is patently erroneous and unsupported by the evidence; thus, we review the reasonableness of the amount of fees awarded under an abuse of discretion standard. *Yaekle v. Andrews*, 169 P.3d 196, 201 (Colo.App.2007), aff'd, 195 P.3d 1101 (Colo.2008).

Madison's request for attorney fees is governed by C.R.C.P. 121 § 1–22(2), which pro-

vides, in relevant part, that a motion "shall explain the basis upon which fees are sought, the amount of fees sought, and the method by which those fees were calculated." C.R.C.P. 121 § 1–22(2)(b). It further provides that the motion "shall be accompanied by any supporting documentation, including materials evidencing the attorney's time spent, the fee agreement between the attorney and client, and the reasonableness of the fees." *Id.*

Madison's motion was accompanied by affidavits from counsel, detailing the work performed and explaining the attorney fees incurred in connection .with the Contempt Order. Although Star filed an opposition to the motion, it did not request a hearing, and none was held on the reasonableness of fees and costs. In its Attorney Fees Order, the trial court, citing *Brown v. Teitelbaum*, 830 P.2d 1081, 1084–85 (Colo.App.1991), determined that Star's opposition to Madison's motion, without any supporting affidavit or exhibit, constituted mere argument, which did not create a genuine issue of material fact as to reasonableness of the fees. The court found that the attorney fees sought were reasonable and were not duplicative.

We conclude the trial court did not apply an erroneous legal standard in determining the reasonableness of Madison's attorney fees. The arguments of counsel raised in Star's opposition cannot be viewed as evidence to rebut Madison's affidavits demonstrating reasonableness. *See City of Fountain v. Gast*, 904 P.2d 478, 482 (Colo.1995) (arguments of counsel are not evidence). Moreover, the trial court's award was based on sufficient evidence supporting the reasonableness of the fees awarded. *P & M Vending Co. v. Half Shell of Boston, Inc.*, 41 Colo.App. 78, 82, 579 P.2d 93, 96 (1978) (unrebutted testimony of counsel as to amount and reasonableness of fees was sufficient to support fees award). Accordingly, the trial court did not abuse its discretion in awarding attorney fees to Madison.

## B. Costs

Star next contends the trial court abused its discretion in awarding certain costs to Madison, including travel expenses, meal expenses incurred during travel, and a 2.5% client fee. Star argues these costs were not sufficiently related to the Contempt Order. We disagree as to the travel and meal expenses, but agree as to the 2.5% client fee.

■ C.R.C.P. 107(d)(2) allows a court to assess costs as part of remedial sanctions. Costs may be awarded within the trial court's discretion if they are reasonable and necessary. *Foster v. Redd*, 128 P.3d 316, 319 (Colo.App.2005) (applying § 13–16–122, C.R.S.2008). Where, as here, a party opposes the award of costs, the court should make findings sufficient to disclose the basis for its decision to award costs and to support the amount awarded. *Brody v. Hellman*, 167 P.3d 192, 206 (Colo.App.2007).

### 1. Travel Expenses

■ Star maintains that Madison is not entitled to recover travel expenses in the amounts of $253.28 and $2,810.29, because the charges were "unrelated to the contempt motion and hearing." The trial court found that the travel expenses were incurred because Madison had to retain out-of-town counsel to represent it in connection with the contempt proceedings. The record supports the trial court's conclusion that travel expenses for out-of-town counsel were reasonable and necessary. Star's other arguments about these charges are not supported by citation to the record or by legal argument, as required by C.A.R. 28, and we therefore will not consider them. *See Westrac, Inc. v. Walker Field*, 812 P.2d 714 (Colo.App.1991) (it is not the duty of appellate court to search the record to support party's factual allegations).

■ Relying on out-of-state cases, Star next argues that meal expenses "are not taxable costs" and therefore are not recoverable. To the extent Star contests the meal expenses awarded to Madison, it does so as part of the travel expenses. However, the cost of meals incurred as part of necessary travel expenses may be awarded, so long as the cost is demonstrated to be reasonable and necessary. *See Brody*, 167 P.3d at 206; *cf. Morris v. Belfor USA Group, Inc.*, 201 P.3d 1253, 1263–64 (Colo.App.2008) (trial

court did not abuse its discretion in declining to award meal expenses as costs). We discern no basis to overturn the trial court's award of such costs here.

### 2. 2.5% Client Fee

Finally, Star contends that the 2.5% client fee amounting to $1,255.04 constitutes "general costs" and that Madison failed to show the client fee was "directly attributable to the contempt motion." Based on its review of the affidavits submitted by Madison, the trial court found that "the 2.5% [client fee] surcharge [was] for in-house copy and long distance charges, [was] paid directly by the firm's clients, and [was] not overhead." This ruling was error.

So long as costs are incurred solely for the litigation in question and are not commingled with any of the general costs of doing business or the costs of other litigation or client matters, they cannot properly be termed overhead and may be included as costs. *Harvey v. Farmers Ins. Exch.*, 983 P.2d 34, 42 (Colo.App.1998), *aff'd sub nom. Slack v. Farmers Ins. Exch.*, 5 P.3d 280 (Colo.2000). However, where a cost is included with the general costs of doing business, firm overhead, or costs of other litigation or client matters, it is not recoverable. *See id.*

Here, the affidavit submitted for recovery of the 2.5% client fee fails to establish that the charge was incurred solely for this litigation and was not overhead. On the contrary, an attachment to the affidavit lists this charge under the heading "general costs." The affiant states that the firm "charges its clients a flat 2.5% 'general costs' surcharge that reflects the cost of in-house copying and long distance. These costs are *not merely* overhead and are paid directly by the firm's clients, including Madison." (Emphasis added.) This statement indicates that at least some portion of the charge *was* for firm overhead. Therefore, the trial court's finding as to this charge, amounting to $1,255.04, is unsupported by the record, and thus, the trial court abused its discretion in awarding it to Madison.

### IV. Madison's Request for Attorney Fees on Appeal

Madison seeks an award under C.R.C.P. 107 of its attorney fees and costs incurred on appeal. We agree with Madison that its costs and attorney fees incurred in connection with the appeal of the Contempt Order were incurred "in connection with the contempt proceedings," and therefore may be awarded under C.R.C.P. 107(d)(2). We remand this issue to the trial court for a determination of whether to award such fees and costs and, if so, in what amounts.

However, we conclude that fees and costs incurred with respect to Star's appeal of the Attorney Fees Order are not awardable under C.R.C.P. 107(d)(2) because they were incurred as a consequence of Star's appeal of the standards applied by the trial court in awarding fees and costs in that order. Thus, they were not incurred in connection with the contempt proceedings. Accordingly, Madison's request for attorney fees and costs with regard to the appeal of the Attorney Fees Order is denied.

The portion of the appeal concerning the April 11, 2008 Contempt Order is dismissed. The portion of the Attorney Fees Order awarding a 2.5% client fee to Madison is reversed. In all other respects, the Attorney Fees Order is affirmed. The case is remanded to the trial court for further proceedings consistent with this opinion.

Judge HAWTHORNE and Judge ROTHENBERG *, concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2008.