Jimmie R. CROW, M.D.,
Plaintiff–Appellant,

v.

PENROSE–ST. FRANCIS HEALTHCARE SYSTEM, d/b/a Penrose–St. Francis Health Services, Defendant–Appellee.

No. 09CA2667.

Colorado Court of Appeals,
Div. III.

Aug. 18, 2011.

Jones & Keller, P.C., Thomas P. McMahon, Denver, Colorado, for Plaintiff–Appellant.

Kutak Rock, LLP, Mark L. Sabey, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge CRISWELL.*

Plaintiff, Jimmie R. Crow, M.D. (doctor), appeals from the district court's order awarding attorney fees to defendant, Penrose–St. Francis Health Services (Penrose). He asserts that (1) section 13–17–201, C.R.S. 2010, does not authorize an award of fees in this action, and (2) even if authorized, the award was unreasonable under the circumstances. We reject both of these assertions, affirm, and remand the case for a determina-

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2010.

tion of a reasonable attorney fees award to Penrose for defending the appeal.

## I.  Background

The controversy between the parties commenced in 2004 when doctor performed surgery on a patient who died shortly thereafter. Penrose initiated a peer review proceeding. Before it was completed, however, doctor commenced this action in which he asserted common law claims for breach of contract, negligence, and tortious interference, based upon the nature of his summary suspension and other preliminary actions taken by Penrose.

Penrose moved to dismiss doctor's complaint for failure to exhaust administrative remedies. Although the district court denied this motion, Penrose instituted an original action before the Colorado Supreme Court, which held that these "common law claims arising out of the peer review procedure are subject to the exhaustion of administrative remedies requirement" of section 12–36.5–106(7)–(8), C.R.S.2010. *Crow v. Penrose–St. Francis Healthcare Sys.,* 169 P.3d 158, 163 (Colo.2007). Doctor could not refile his action until Penrose's board made a final decision in the administrative proceedings. *Id.* at 168.

Upon remand Penrose moved to dismiss doctor's complaint, Penrose sought an award of attorney fees and costs under section 13–17–201, which provides for an award of fees to a defendant in an action for "injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure." The district court initially denied the request, but after the action was dismissed under C.R.C.P. 12(b)(1), it reconsidered the request and entered an award of fees for Penrose in the amount of $131,361. It is from this award that doctor appeals.

While it is not directly relevant to the issues presented here, after completion of the administrative procedures, doctor commenced an action for review of the peer review board's decision under C.R.C.P. 106(a)(4), and shortly thereafter he filed an amended complaint in this action alleging breach of an implied contract. Penrose moved to dismiss the action under C.R.C.P. 12(b)(1), alleging that doctor's claims were not ripe because doctor was required to complete, and prevail in, the C.R.C.P. 106(a)(4) appeal before the original action could be refiled. The district court granted the motion to dismiss, but on appeal a division of this court held that the district court erred in dismissing doctor's complaint, and remanded the case to the district court for further proceedings. *See Crow v. Penrose–St. Francis Healthcare Sys.,* No. 09CA2288, 2010 WL 3169839 (Colo.App., Aug. 12, 2009) (not published pursuant to C.A.R. 35(f)). Presumably, the C.R.C.P. 106(a)(4) petition and the amended complaint in this case are still pending before the district court.

## II.  Analysis

### A.  Award of Fees and Costs Under Section 13–17–201

Section 13–17–201 provides that an award of attorney fees is mandatory when a trial court dismisses a tort action under C.R.C.P. 12(b). *See Barnett v. Denver Publ'g Co.,* 36 P.3d 145, 148 (Colo.App.2001).

#### 1.  Scope of 13–17–201

Doctor contends that section 13–17–201 is inapplicable to this action. We disagree.

Statutory interpretation is a question of law that we review de novo. *CLPF–Parkridge One, L.P. v. Harwell Invs., Inc.,* 105 P.3d 658, 660 (Colo.2005); *Cork v. Sentry Ins.,* 194 P.3d 422, 425 (Colo.App.2008). When interpreting a statute, "[o]ur primary duty ... is to ascertain and effectuate the intent of the General Assembly." *Shelter Mut. Ins. Co. v. Mid–Century Ins. Co.,* 246 P.3d 651, 661 (Colo.2011). We begin with the statute's express language, "construing words and phrases according to grammar and common usage." *Jefferson Cnty. Bd. of Equalization v. Gerganoff,* 241 P.3d 932, 935 (Colo.2010). Ultimately, "our interpretation should give consistent, harmonious, and sensible effect to all parts of a statute." *Id.*

Relying upon *Krystkowiak v. W.O. Brisben Cos.,* 90 P.3d 859, 869 (Colo.2004), doctor first

argues that the pertinent statute is applicable only to a "narrow category of baseless tort claims," and that the dismissal here was not based on the viability of his claims, but upon his failure simply to comply with a condition precedent to the institution of his suit. We conclude, however, that the pertinent statute is not so narrowly applicable.

It is certainly true that *Krystkowiak* stated that the statute has narrow application. 90 P.3d at 869. Yet, this language of the opinion was mere dictum; *Krystkowiak* held only that the allegations of the complaint in the action did not state a claim, that it should have been dismissed under C.R. C.P. 12(b)(5), and that an award of fees was appropriate. *Id.* at 871–72.

Moreover, section 13–17–201 has never been limited to the dismissal of "baseless" claims under C.R.C.P. 12(b)(5). In a number of cases awarding fees under this statute, the court did not pass upon the substantive merits of the claims dismissed. In several instances, fees have been awarded where the action has been dismissed under C.R.C.P. 12(b)(1) because of a lack of personal or subject matter jurisdiction without any mention of the merits of the claims being asserted. *See, e.g., Curtis v. Hyland Hills Park & Recreation Dist.*, 179 P.3d 81, 85 (Colo.App. 2007) (lack of subject matter jurisdiction); *Ceja v. Lemire*, 143 P.3d 1093, 1098–99 (Colo. App.2006) (subject matter jurisdiction), *aff'd*, 154 P.3d 1064 (Colo.2007); *Lyon v. Amoco Prod. Co.*, 923 P.2d 350, 355–58 (Colo.App. 1996) (subject matter and personal jurisdiction); *Smith v. Town of Snowmass Village*, 919 P.2d 868, 873 (Colo.App.1996) (subject matter jurisdiction).

Further, doctor's interpretation also contravenes the well-settled canon of judicial construction that the "interpretation should give consistent, harmonious, and sensible effect to all parts of a statute." *Jefferson Cnty. Bd. of Equalization*, 241 P.3d at 935. The legislature, in Title 13, Article 17, has set forth provisions for the award of attorney fees. Section 13–17–102(2), C.R.S.2010, which was adopted before the enactment of section 13–17–201, requires an award of attorney fees against a party who brings, or asserts a defense against an action, that "lacks substantial justification." Section 13–17–102(2) clearly would support an award of fees where a "baseless" action is dismissed under C.R.C.P. 12(b)(5). If the subsequently enacted section 13–17–201 was limited to "baseless" actions, then it would substantially duplicate section 13–17–102(2)'s provisions. *See Brodeur v. Indus. Claim Appeals Office*, 159 P.3d 810, 813 (Colo.App.2007) (courts should "avoid interpretations that render statutory provisions redundant or superfluous").

Finally, the Colorado Supreme Court's most recent opinion on this subject, *Crandall v. City & County of Denver*, 238 P.3d 659 (Colo.2010), made clear that the unambiguous language in section 13–17–201 makes an award of attorney fees mandatory. *Id.* at 661. The statute was enacted as part of the General Assembly's tort reform efforts of the mid–1980s, and its clear language does not allow for a judicially created exception when an action is dismissed under Rule 12(b)(1). *Id.* at 663–65.

Nor are we persuaded by doctor's argument that the applicable statute of limitations forced him to file his common law claims before the administrative process was complete. His claims would not accrue until the administrative proceedings were completed. *See Crow*, 169 P.3d at 165 ("a physician must exhaust the administrative remedies of the [Colorado Professional Review Act], resulting in a final board action by the hospital, before filing a common law claim in court arising out of the peer review process").

■ We conclude, therefore, that section 13–17–201 is applicable not only to "baseless" tort claims that are dismissed under C.R.C.P. 12(b)(5), but also to any tort claim dismissed under the auspices of any provision of C.R.C.P. 12. *See Villalpando v. Denver Health & Hosp. Auth.*, 181 P.3d 357, 365 (Colo.App.2007) ("While the award of fees under section 13–17–201 may lead to harsh consequences in particular cases, that is an issue for the General Assembly, not this court, to resolve.").

2. Constitutionality of Section 13–17–201

■ Contrary to doctor's assertion, section 13–17–201 is not unconstitutional be-

cause it allows only one side in the litigation to recover attorney fees. The opportunity to recover fees is not a fundamental right; thus, a statute affording only one side in litigation an opportunity to recover warrants only rational basis review. *Torres v. Portillos,* 638 P.2d 274, 277–78 (Colo.1981). The rational basis for awarding attorney fees under section 13–17–201 only to a defendant, as noted above, is to deter both baseless and unnecessary tort actions. Thus, section 13–17–201's application to actions such as this, which create unnecessary litigation, has an underlying rational basis.

### 3. Conversion of C.R.C.P. 12(b)(1) Motion

Doctor argues that, because the district court considered evidentiary materials submitted by Penrose that were not contained in the initial complaint, the court improperly treated the Rule 12(b)(1) motion as one for summary judgment. We disagree.

Section 13–17–201 creates a statutory exception to its general applicability: it does not apply if the motion to dismiss "is treated as a motion for summary judgment and disposed of as provided in rule 56 of the Colorado rules of civil procedure."

■■■ When a challenge is made to a district court's jurisdiction, however, it is often, indeed almost invariably, necessary for the court to consider information beyond the allegations of the complaint. Such consideration, however, does not turn the process into a summary judgment procedure. A jurisdictional issue is reviewed under C.R.C.P. 12(b)(1), not under C.R.C.P. 12(b)(5) or C.R.C.P. 56. *Trinity Broadcasting of Denver, Inc. v. City of Westminster,* 848 P.2d 916, 924–25 (Colo.1993). And it is only in the case of a C.R.C.P. 12(b)(5) motion that, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." C.R.C.P. 12(b); *see Lyon,* 923 P.2d at 358 (C.R.C.P. 12(b)(1) motions cannot be converted into motions for summary judgment).

Here, Penrose's motion and the court's ultimate judgment invoked C.R.C.P. 12(b)(1). C.R.C.P. 12(b)(5) was not implicated. Hence, the statutory exception for motions treated as motions for summary judgment was not applicable here.

### 4. Mixed Tort and Contract Claims

■■■ Doctor contends the statute is not intended to apply where equal numbers of contract and tort claims are asserted. We disagree.

■■■ In determining whether section 13–17–201 applies, the district court should focus on the manner in which claims are pled. *Dubray v. Intertribal Bison Co-op.,* 192 P.3d 604 (Colo.App.2008) (citing *Robinson v. Colo. State Lottery Div.,* 179 P.3d 998 (Colo.2008)); *see also Kennedy v. King Soopers Inc.,* 148 P.3d 385 (Colo.App.2006) (district court relies on plaintiff's characterization).

Here, there were four contract and four tort claims, all arising out of the same nucleus of facts. Further, doctor chose to include these tort claims to obtain relief beyond what was available solely under a breach of contract theory. *See Dubray,* 192 P.3d at 607. Thus, under these circumstances, we perceive no error in the district court's determination that section 13–17–201 applied. *Cf. Sweeney v. United Artists Theater Circuit, Inc.,* 119 P.3d 538, 541 (Colo.App.2005) (section 13–17–201 did not apply when the plaintiff's claim was framed exclusively as a contract claim even though it should have been pled in tort).

### 5. Remaining Contentions Regarding Section 13–17–201's Applicability

■■■ Contrary to doctor's assertion otherwise, the law of the case doctrine did not prevent the district court from awarding attorney fees under section 13–17–201. A court may, in its discretion, decline to apply the law of the case doctrine if it determines that its former ruling is no longer sound because of changed conditions, it needs to rectify its previous ruling because of a legal or factual error, an intervening change in the law has occurred, or its prior ruling would result in manifest injustice. *Perez v. Witham,* 1 P.3d 262, 264–65 (Colo.App.1999); *see also Broyles v. Fort Lyon Canal Co.,* 695 P.2d 1136, 1144 (Colo.1985) (sitting judge

may rescind a former judge's ruling in an ongoing case if it was in error).

Here, the district court found that the previous rulings denying Penrose's requests for attorney fees were erroneous because Penrose's Rule 12(b)(1) motion had not in fact been converted into a motion for summary judgment. Because the previous rulings were erroneous, the district court's decision not to apply the law of the case doctrine was not an abuse of discretion.

Doctor next contends that there is no basis for awarding attorney fees because he voluntarily relinquished his request for injunctive relief. Again, we disagree.

A party may avoid liability by seeking a voluntary dismissal or confession of the defendant's motion. *Employers Ins. v. RREEF USA Fund–II (Colo.), Inc.*, 805 P.2d 1186 (Colo.App.1991); *see Houdek v. Mobil Oil Corp.*, 879 P.2d 417, 425 (Colo.App.1994) (must dismiss all claims). Although doctor abandoned his request for injunctive relief, his complaint still sought monetary damages. Hence, he cannot avoid liability on this ground.

Contrary to doctor's assertion otherwise, Penrose did not have to request attorney fees at the same time it filed the Rule 12(b) motion to dismiss. Doctor has cited no case law, and we have found none in Colorado, to support this proposition. Indeed, section 13–17–201 makes no mention of such a requirement.

Accordingly, the district court correctly concluded that section 13–17–201 applied to this action.

## B. Reasonableness of Fees and Costs

Doctor next contends that the amount of attorney fees awarded was unreasonable. We are not persuaded.

An award of attorney fees must be reasonable. *Tallitsch v. Child Support Services, Inc.*, 926 P.2d 143, 147 (Colo.App. 1996). The reasonableness of attorney fees is a question of fact for the district court, and its ruling will not be reversed on appeal unless it is "patently erroneous" or "unsupported by the evidence." *Double Oak Constr., L.L.C. v. Cornerstone Dev. Int'l, L.L.C.*, 97 P.3d 140, 152 (Colo.App.2003). Of course, a party seeking attorney fees bears the burden of proving by a preponderance of the evidence its entitlement to such an award. *Kinsey v. Preeson*, 746 P.2d 542, 551–52 (Colo.1987). And a district court is obliged to make findings that will permit meaningful appellate review of the attorney fees award. *Id.*

### 1. Customary Rates

Doctor contends that Penrose failed to establish customary rates for attorneys and paralegals in the local community where the litigation took place, and without establishing such rates, the district court could not determine if the hourly rates charged by Penrose's attorneys and paralegals, who work in another area, were reasonable.[1] We disagree.

When, as here, a statute providing for a fee award does not provide a specific definition of "reasonableness," the amount must be determined in light of all the circumstances, based upon the time and effort reasonably expended by the prevailing party's attorney. *Tallitsch*, 926 P.2d at 147. In awarding attorney fees, a district court may consider (1) the amount in controversy; (2) the time required to effectively represent the client; (3) the complexity of the action; (4) the value of the legal services to the client; and (5) the customary practice in the legal community regarding fees in similar actions. *See Fang v. Showa Entetsu Co.*, 91 P.3d 419, 424 (Colo.App.2003); *Porter v. Castle Rock Ford Lincoln Mercury, Inc.*, 895 P.2d 1146, 1150 (Colo.App.1995); *see also* Colo. RPC 1.5(a)(3) (recognizing "the fee customarily charged in the locality for similar legal services" as a factor to consider).

Although Colorado case law is clear that a district court *may* consider the fees customarily charged in the locality where the litiga-

---

1. The litigation took place in Colorado Springs. However, Penrose's attorneys and paralegals work in Denver.

tion takes places, doctor has cited no case law, and we have found none in Colorado, holding that a district court *must* consider the local rates when determining the reasonableness of the fees requested.

■ Instead, we note that Colorado case law allows the party contesting the reasonableness of the hourly rates charged to present evidence that the rates were not reasonable in light of community standards. *See, e.g., Double Oak Constr.,* 97 P.3d at 152 (noting the defendant had the chance, but declined to present expert testimony to challenge the plaintiff's expert's testimony about the reasonableness of fees; amount of fees held reasonable). Doctor presented no such evidence here.

Penrose provided the following material to support its claim for attorney fees:

- an affidavit from Penrose's lead counsel, M.L. Sabey, averring that the "attorneys' fees and costs reflected are consistent with the costs and fees customarily charged by attorneys with similar expertise in the Denver metropolitan area";
- biographical information for M.L. Sabey and P. Sabey;
- detailed billing records for the work performed in connection with the action by both the attorneys and paralegals;
- hourly rates for M.B. Sabey, D. Glasser, J. Edwards, M. Farmer, and P. Clark, together with a sampling of hourly rates charged by law firms for associates' time in different parts of the country.

Under the circumstances, Penrose met its prima facie burden of establishing reasonableness by providing detailed billing records, an affidavit from its counsel, and other supporting documentation. *See Madison Capital Co. v. Star Acquisition VIII,* 214 P.3d 557, 561 (Colo.App.2009) (submitting affidavits from counsel detailing the work performed and explaining the attorney fees incurred in connection with the matter was sufficient proof when opposing party presented no evidence to rebut the affidavits demonstrating reasonableness); *Dubray,* 192 P.3d at 607 (same).

Doctor's mere arguments regarding the alleged difference between the local area rates and the rates charged by Penrose's attorneys, cannot be viewed as evidence to rebut the materials Penrose presented. *See City of Fountain v. Gast,* 904 P.2d 478, 482 (Colo.1995) (arguments of counsel are not evidence). Nor did doctor present any evidence that Penrose's attorneys' hourly rates were unreasonable for the local legal community. *See Madison Capital Co.,* 214 P.3d at 561. Moreover, doctor never requested a hearing or additional discovery on the matter of the reasonableness of the fees requested. *Id.*

■ Likewise, contrary to doctor's contention, the fact that Penrose did not provide information about the experience and expertise of M.B. Sabey, D. Glasser, J. Edwards, M. Farmer, and P. Clark does not mean the district court could not determine that their fees were reasonable. Penrose's lead counsel averred that their rates were reasonable and provided the district court with a sampling of hourly rates charged for associates' time by law firms in different parts of the country. Again, doctor presented no evidence that these rates were unreasonable.

Thus, we cannot say the district court abused its discretion by determining the hourly rates charged by Penrose's counsel were reasonable when no evidence was presented to the contrary. *P & M Vending Co. v. Half Shell of Boston, Inc.,* 41 Colo.App. 78, 82, 579 P.2d 93, 96 (1978) (unrebutted testimony of counsel as to amount and reasonableness of fees was sufficient to support fees award).

■ For the same reasons, we are not persuaded by doctor's argument that the reasonableness of the paralegal fees could not be established without providing evidence of customary rates charged by other paralegals in the local area. Again, no Colorado case law requires such proof, Penrose provided detailed billing records of their work and identified the paralegals' hourly rates, and doctor provided no evidence that the rates were unreasonable.

Accordingly, the district court did not abuse its discretion in determining that the fees requested were reasonable.

#### 2. Block Billing

██ Doctor contends that the use of "block billing" (entering multiple tasks into a single time entry without specifying how much time was spent on each task) prevented the district court from determining if the amount of time spent on each task was reasonable. Contrary to doctor's contention, C.R.C.P. 121, § 1–22 does not require a particular type of billing format, nor does it prevent block billing. *See generally* Colo. RPC 1.5 cmts. (block billing not prohibited).

Nor are we persuaded by doctor's contention that, because $22,000 of the block billing did not identify the subject matter of the activity, but only stated that "conferencing" took place, the district court could not determine if the amount spent was reasonable. We recognize that, in some instances of block billing, such a complaint might well be justified. Here, however, a review of the record reveals that, when the fee statement is read as a whole, the district court was able to determine how the referenced conferencing related to particular issues in the action.

#### 3. Double Billing

Doctor also contends it was unreasonable to bill for two attorneys' time when they were discussing the action with each other. We disagree.

██ The district court did not abuse its discretion by finding that the attorneys may need to confer from time to time, given the complexity of the action. Nor was it was unreasonable to charge for two attorneys to prepare for oral arguments, especially on a complex procedural issue in front of the Colorado Supreme Court. *See Ramos v. Lamm,* 713 F.2d 546, 554 (10th Cir.1983) (using more than one lawyer at oral argument may be appropriate).

#### 4. Compliance with C.R.C.P. 121, § 1–22(2)(b)

Doctor next contends that the district court abused its discretion by not requiring Penrose to comply strictly with C.R.C.P. 121, § 1–22(2)(b), which requires (1) that a motion for fees shall be filed within fifteen days of the judgment, and (2) that the motion "shall be accompanied by any supporting documentation, including materials evidencing the attorney's time spent." We are not persuaded, for two reasons.

██ In reviewing a trial court's decision regarding a party's failure to comply with this procedural rule, we apply an abuse of discretion standard. *See Phillips v. Watkins,* 166 P.3d 197, 199 (Colo.App.2007).

██ First, the fifteen-day period is discretionary, *see* C.R.C.P. 121, § 1–22(2)(b), and under these circumstances, the court did not abuse its discretion in allowing a late filing. Second, although C.R.C.P. 121, § 1–22(2)(b)'s language about the supporting documents is mandatory, under the circumstances, we conclude that the district court did not abuse its discretion by allowing Penrose to submit proof of the amount of fees sought after the motion itself was filed.

Accordingly, based upon our review of the record, we conclude that Penrose presented sufficient evidence and documentation supporting the attorney and paralegal fees request, and we are not persuaded that the district court's findings regarding the reasonableness of the fees sought are either "patently erroneous" or "unsupported by the evidence." *See Double Oak Constr.,* 97 P.3d at 152.

### III. Award of Fees for Appeal

Penrose requests an award of fees for defending this matter on appeal. We agree that Penrose's reasonable appellate fees should be awarded. *See Walker v. Van Laningham,* 148 P.3d 391, 398 (Colo.App.2006) (granting section 13–17–201 fees for appeal).

### IV. Conclusion

The order is affirmed, and the case is remanded for a determination of reasonable attorney fees to be awarded to Penrose for this appeal.

Judge DAILEY and Judge J. JONES concur.