**FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000494**
**12-MAY-2025**
**08:03 AM**
**Dkt. 74 PO**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---o0o---

KEAAU DEVELOPMENT PARTNERSHIP LLC, Plaintiff/Counterclaim
Defendant/Cross-claimant/Cross-claim Defendant-Appellant,
v.
PATRICK JOHN LAWRENCE, JR. dba as PJ'S CONSTRUCTION,
Defendant/Counterclaimant/Cross-claimant/Cross-claim
Defendant-Appellee,
and
JANEL M. ARAUJO INC.; JANEL ARAUJO; and ROBERT C. SMELKER,
Defendants/Cross-claim Defendants-Appellees,
and
ANNALEINE MELICIA REYNOLDS, Defendant/Cross-claim
Defendant/Counterclaimant/Cross-claimant-Appellee,
and
LEORA WHITE THOMPSON and HEIRS OR ASSIGNS OF LEORA WHITE
THOMPSON, Defendants/Cross-claim Defendants-Appellees,
and
COUNTY OF HAWAIʻI, Defendant/Cross-claim Defendant-Appellee,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; DOE TRUSTS 1-10;
and DOE GOVERNMENTAL AGENCIES 1-10, Defendants

NO. CAAP-24-0000494

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CCV-24-0000033)

MAY 12, 2025

LEONARD, ACTING CHIEF JUDGE, HIRAOKA AND McCULLEN, JJ.

ORDER OF THE COURT BY HIRAOKA, J.

Defendant/Cross-claim Defendant/Counterclaimant/Cross-claimant-Appellee Annaleine Melicia **Reynolds** moved to dismiss this appeal for lack of jurisdiction on September 5, 2024. The motion and memorandum in support were signed by Reynolds' attorney, James D. **DiPasquale.** The memorandum cited Greenspan v. Greenspan, 121 Hawaiʻi 60, 71, 214 P.3d 557, 568 (App. 2009), as a case where "the court rejected the applicability of the Forgay Doctrine where no immediate transfer of property was ordered and no immediate danger of irreparable harm existed." The court found that 121 Hawaiʻi 60 and 121 Hawaiʻi 71 are pinpoint citations to Estate of Roxas v. Marcos, 121 Hawaiʻi 59, 214 P.3d 598 (2009); 214 P.3d 557 is the citation for Madison Capital Company v. Star Acquisition VIII, 214 P.3d 557 (Colo. App. 2009); and 214 P.3d 568 is a pinpoint citation to City of Boulder v. Farmer's Reservoir & Irrigation Company, 214 P.3d 563 (Colo. App. 2009). The court couldn't find a Hawaiʻi appellate decision, reported or unreported, titled Greenspan v. Greenspan.

Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 11 (eff. 2019) provides, in relevant part:

> **(b) Representations to court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> . . . .
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law[.]

"A fake opinion is not 'existing law' . . . . An attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system." <u>Mata v. Avianca, Inc.</u>, 678 F.Supp.3d 443, 461 (S.D.N.Y. 2023) (footnote omitted).[1] "Thus, using a fake opinion to support an argument is a violation of [Fed. R. Civ. P.] Rule 11(b)(2)." <u>Wadsworth v. Walmart Inc.</u>, 348 F.R.D. 489, 495 (D. Wyo. 2025).

On April 25, 2025, the court ordered DiPasquale to show cause why he should not be sanctioned under HRCP Rule 11(c)(1)(B) for violation of HRCP Rule 11(b), made applicable by Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 2.1(a). DiPasquale filed a declaration on April 29, 2025. He stated he had "retained a per diem attorney — someone I had previously worked with and trusted — to handle the drafting" of the motion to dismiss and "failed to verify every single citation meticulously, specifically missing the fabricated citation of the 'Greenspan' case[.]" He stated, "[a]lthough I did not personally use AI [(artificial intelligence)] in this case, I failed to ensure that every citation was accurate before filing the brief."

> [T]he signing attorney cannot leave it to some trusted subordinate, or to one of his partners, to satisfy himself that the filed paper is factually and legally responsible; by signing he represents not merely the fact that it is so, but also the fact that he personally has applied his own judgment.

---

[1] "Where we have patterned a rule of procedure after an equivalent rule within the [Federal Rules of Civil Procedure], interpretations of the rule by the federal courts are deemed to be highly persuasive in the reasoning of this court." <u>Gold v. Harrison</u>, 88 Hawaiʻi 94, 105, 962 P.2d 353, 364 (1998) (citation omitted) (citing federal case discussing Fed. R. Civ. P. 11).

3

Enos v. Pac. Transfer & Warehouse, Inc., 79 Hawaiʻi 452, 457, 903 P.2d 1273, 1278 (1995) (quoting Pavelic & LeFlore v. Marvel Ent. Grp., 493 U.S. 120, 125 (1989)).  The court finds that DiPasquale's citation of Greenspan — a nonexistent case — without first attempting to read it to confirm his contention of its holding was not reasonable under the circumstances, and a violation of HRCP Rule 11(b)(2).  Cf. Benjamin v. Costco Wholesale Corp., --- F. Supp. 3d ---, No. 2:24-CV-7399 (LGD), 2025 WL 1195925, at *2 (E.D.N.Y. Apr. 24, 2025) (order imposing sanctions) (stating that "an attorney who submits fake cases clearly has not *read* those nonexistent cases, which is a violation of Rule 11 of the Federal Rules of Civil Procedure").

"[T]he central purpose of [federal] Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts."  Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990).  Federal courts seem to encounter AI-generated citations to nonexistent cases with increasing frequency, "raising the importance of educating and deterring the larger bar from repeating similar conduct."  United States v. Hayes, --- F. Supp. 3d ---, No. 2:24-CR-0280-DJC, 2025 WL 235531, at *15 (E.D. Cal. Jan. 17, 2025) (order), recon. denied, 2025 WL 1067323 (E.D. Cal. Apr. 9, 2025).

To his credit, DiPasquale accepted full responsibility for his omission.  His declaration states that he has "since committed to a stricter personal verification process, which includes manually confirming the full text and publication of

4

every cited authority before filing, regardless of who prepares the draft." Under the circumstances, the court concludes that a $100 sanction against DiPasquale is appropriate.[2]

THEREFORE, IT IS HEREBY ORDERED that:

**(1)** James D. DiPasquale is sanctioned in the amount of $100.00 for violation of HRCP Rule 11, made applicable by HRAP Rule 2.1(a);

**(2)** A check in the full amount, payable to the State Director of Finance, along with a copy of this order, shall be deposited with the Supreme Court Clerk's Office within seven days from the date of this order;

**(3)** A declaration from DiPasquale attesting to the payment shall be filed within seven days from the date of this order;

**(4)** The sanction shall be paid by DiPasquale personally and without reimbursement from DiPasquale's client; and

---

[2] The $100 amount is consistent with sanctions this court has imposed for serious rule violations in other cases. But we note that federal courts have imposed monetary sanctions ranging from $1,000 to $5,000 in similar cases. See, e.g., Benjamin, --- F. Supp. 3d at ---, 2025 WL 1195925, at *9 ($1,000 for citing nonexistent cases "because of [counsel]'s candor and sincere regret"); Dehghani v. Castro, No. 2:25-CV-0052 MIS-DLM, 2025 WL 988009, at *5 (D.N.M. Apr. 2, 2025) (mem. op. & ord.) ($1,500 for citing nonexistent cases); Hayes, --- F. Supp. 3d at ---, 2025 WL 235531, at *15 ($1,500 for citing nonexistent case); Gauthier v. Goodyear Tire & Rubber Co., No. 1:23-CV-281, 2024 WL 4882651, at *3 (E.D. Tex. Nov. 25, 2024) (mem. & ord) ($2,000 for citing nonexistent cases and quotations); Wadsworth, 348 F.R.D. at 498 ($3,000 for citing "hallucinated cases"); Mata, 678 F.Supp.3d at 466 ($5,000 for using AI to generate excerpt of nonexistent opinion); Mid Cent. Operating Eng'rs Health & Welfare Fund v. HoosierVac LLC, No. 2:24-CV-00326-JPH-MJD, 2025 WL 574234, at *3 (S.D. Ind. Feb. 21, 2025) (rep. & recommendation) (recommending $5,000 for each of three briefs citing nonexistent cases).

(5)   Failure to comply with this order may result in additional sanctions.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge