24CA1888 Puca v Elkhorn 11-06-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1888
Elbert County District Court No. 20CV30061
Honorable Andrew C. Baum, Judge

---

Anthony Puca and Laura Puca,

Plaintiffs-Appellants,

v.

Elkhorn Ranch Homeowners Association, Inc.,

Defendant-Appellee.

---

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE J. JONES
Grove and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 6, 2025

---

Goodspeed Merrill, Miro Kovacevic, Robert S. Hunger, Englewood, Colorado, for
Plaintiffs-Appellants

Hall & Evans, LLC, Valerie Garcia, Heather A. Thomas, Denver, Colorado, for
Defendant-Appellee

¶ 1     Anthony and Laura Puca appeal the district court's order awarding attorney fees and costs to defendant Elkhorn Ranch Homeowners Association, Inc. (the Association).  Because we conclude that the order doesn't include sufficient findings to permit meaningful appellate review, we reverse the order and remand the case to the district court for further proceedings.

## I.     Background

¶ 2     This case is a real property dispute between the Pucas and their neighbors, Earl E. and Caroline R. Peterson, and homeowners' association.  The Pucas sued the Petersons and the Association, asserting claims for breach of the Association's governing documents and declaratory relief against all defendants and breach of fiduciary duty against the Association.  The claims arose out of the Petersons' construction of a new home and barn and the Association's alleged failure to enforce provisions of the governing documents restricting such construction.  (The Pucas also sought preliminary and permanent injunctive relief prohibiting completion of the structures.)

¶ 3     The case was ultimately tried to the court.  At the conclusion of the Pucas' case-in-chief, the court dismissed the claims against

1

the Association. The court subsequently ruled in the Petersons'

favor on the claims against them, with the exception that it found

that the Petersons' barn was too high — by twenty-two inches —

under the governing documents. The only relief the court awarded

to the Pucas was an order requiring the Petersons to lower the

height of their barn.[1]

¶ 4      The Association filed a motion for an award of its attorney fees

and costs under section 38-33.3-123(1)(c), C.R.S. 2025, of the

Colorado Common Interest Ownership Act (CCIOA). It supported

the motion with declarations by two of its attorneys; billing

statements, which included some redactions; and invoices

purporting to document certain case-related expenses. The

Association sought $213,017.50 in attorney fees and $23,913.69 in

costs.

¶ 5      The Pucas filed a response challenging the motion. Though

the Pucas didn't challenge the Association's entitlement to an award

or the hourly rates charged by the Association's attorneys, they did

---

[1] The Pucas appealed the judgment, and a division of this court
affirmed. *Puca v. Peterson*, (Colo. App. No. 23CA2152, Dec. 26,
2024) (not published pursuant to C.A.R. 35(e)).

challenge the reasonableness of fees sought for the following reasons:

1. The Association could not recover fees incurred by its general counsel because his fees weren't incurred in the defense of the case.

2. The Association wasn't entitled to fees attributable to determining whether the Petersons violated the governing documents before the Pucas filed suit because those fees weren't incurred in defending against the claims in this case.

3. The redactions in the billing statements made it "impossible to determine whether the fees were reasonably incurred or the specific purpose for the invoiced work."

4. The Association wasn't entitled to an award of fees relating to its jury demand because the Association ultimately withdrew its jury demand and its delay in doing so "resulted in significant wasted effort by all parties."

5. Some of the fees sought were for duplicative and unnecessary work.[2]

¶ 6 The Pucas also challenged certain costs sought by the Association.

¶ 7 The Pucas didn't request a hearing on the motion, but they did submit a report by an expert opining on the reasonableness of the attorney fees sought by the Association, and included billing statements from the Association's outside counsel, email exchanges between the parties' attorney, one of the court's minute orders, a letter from an outside consultant to the Association's outside counsel opining on whether the Association had complied with its standard of care, and documents relating to the relationship between the Association's outside counsel and a vendor for whose services the Association sought an award of costs.

¶ 8 The Association filed a reply in support of its motion. Therein, they responded to some of the Pucas' challenges.

¶ 9 The court entered a written order awarding the Association $208,458.50 in attorney fees and $23,604.65 in costs. It disallowed

---

[2] Each of these objections was accompanied by an explanation and purported supporting documentation.

4

$4,559 in attorney fees sought by the Association (relating to the Association's withdrawal of its jury trial demand) and $309.04 in costs (relating to hotels and meals) and explained why as to each. As for the awarded fees and costs — totaling $232,063.15 — the court said only that "those fees and costs were reasonable and necessary given the high amount of litigation involved in this case."

## II.   Discussion

¶ 10    The Pucas contend that the order must be reversed because (1) the court didn't make sufficient findings to permit meaningful appellate review of the amounts awarded; (2) the court erred by awarding fees incurred by the Association's in-house general counsel; and (3) the court erred by awarding fees relating to certain redacted time entries on outside counsel's bills because those redactions make evaluation of the reasonableness of the fees sought for those entries impossible. We agree with the Pucas' first contention and therefore reverse the order and remand for sufficient findings. Accordingly, we don't need to address the other two contentions.

## A. Preservation

¶ 11 The Association appears to contest whether the Pucas preserved for appeal their challenge to the reasonableness of the fees and costs. Contrary to the Association's argument, it wasn't necessary for the Pucas to file affidavits or a motion for reconsideration to preserve the issue. C.R.C.P. 121, section 1-22(2)(b), says that a party opposing a motion for attorney fees and costs may submit "any supporting documentation." The rule doesn't require any particular type of "supporting documentation." *Nesbitt v. Scott*, 2019 COA 154, ¶ 25; *Patterson v. James*, 2018 COA 173, ¶ 44.[3] And a party doesn't have to file a motion to reconsider to challenge a judgment on appeal. *See* C.R.C.P. 59(b). The Pucas' response opposing the Association's motion was sufficient to preserve their appellate contentions.

---

[3] *Madison Capital Co. v. Star Acquisition VIII*, 214 P.3d 557 (Colo. App. 2009), on which the Association relies, doesn't hold to the contrary. In that case, the party opposing the motion didn't submit "any supporting affidavit *or* exhibit" but instead relied solely on the argument of counsel. *Id.* at 561 (emphasis added). In this case, the Pucas' counsel submitted various exhibits (including an expert's report), relied in part on the Association's own exhibits, and tied their arguments to the exhibits and the law.

### B. Applicable Law and Standard of Review

¶ 12    To determine the reasonable amount of fees sought by the moving party, the court must use "a well-established analytical framework." *Cronk v. Bowers*, 2023 COA 68M, ¶ 32. It must "first calculate a 'lodestar' amount, multiplying the number of hours reasonably expended by a reasonable hourly rate." *Carruthers v. Carrier Access Corp.*, 251 P.3d 1199, 1211 (Colo. App. 2010). It "may then adjust the amount based upon a number of factors." *Id.* These factors include "(1) the amount in controversy; (2) the length of time required to represent the client effectively; (3) the complexity of the case; (4) the value of the legal services to the client; and (5) . . . awards in similar cases." *Tisch v. Tisch*, 2019 COA 41, ¶ 84; *see also* Colo. RPC 1.5 (identifying these and other factors); *Brody v. Hellman*, 167 P.3d 192, 200 (Colo. App. 2007) (applying the Colo. RPC 1.5 factors).

¶ 13    The court must make findings supporting its determination. *Yaekle v. Andrews*, 169 P.3d 196, 201 (Colo. App. 2007), *aff'd on other grounds*, 195 P.3d 1101 (Colo. 2008). And those findings must be sufficient "to permit meaningful appellate review." *Id.*;

*accord, e.g., Cronk,* ¶ 33; *Carruthers,* 251 P.3d at 1211; *Brody,* 167 P.3d at 198.

¶ 14 We review a district court's determination of reasonable fees for an abuse of discretion. *Cronk,* ¶ 33; *Carruthers,* 251 P.3d at 1211.

### C. Application

¶ 15 The district court didn't determine a lodestar amount and, apart from its conclusion that there was a "high amount of litigation involved in this case," didn't make any findings concerning the relevant factors a court should consider in determining a reasonable amount of fees and costs. Nor did the court acknowledge, much less address, the Pucas' specific challenges to the Association's motion, save for their argument about the jury trial demand. Its order therefore doesn't include sufficient findings explaining why the court found the award reasonable. *See Cronk,* ¶ 34 (because the court didn't "include any analysis explaining why the award . . . was reasonable," the award "cannot stand"); *Carruthers,* 251 P.3d at 1211-12 (an order stating only that the court exercised its discretion was insufficient); *Yaekle,* 169 P.3d at

8

201 (an order that didn't explain why the fees awarded were reasonable was insufficient to permit meaningful appellate review).

¶ 16　The Association makes no persuasive argument to the contrary: the Association relies on the court's finding of the "high amount of litigation involved in this case," as well as its reduction in one category of fees and rejection of one type of costs, and argues that this means the court "indirectly" found that "the number of hours the Association's counsel spent on the case" was reasonable. But the fact that the court disallowed some fees and costs doesn't mean the court made adequate findings as to the fees and costs it awarded: as to those fees and costs, the court must explain *why* (or why not) they were reasonable and necessary.  And any such explanation should track the "well-established analytical framework," *Cronk*, ¶ 32, applicable to determinations of this type of motion.

### III.　Disposition

¶ 17　The district court's order awarding the Association attorney fees and costs is reversed.  We remand the case to the district court to consider the Pucas' objections and enter appropriate findings.

JUDGE GROVE and JUDGE SCHUTZ concur.