In re the MARRIAGE OF Patricia
J. NUSSBECK, Appellee,

and

Robert J. Nussbeck, Appellant.

No. 96CA0337.

Colorado Court of Appeals,
Div. II.

April 3, 1997.

Rehearing Denied June 12, 1997.

Certiorari Granted Jan. 12, 1998.

Frank McGuane & Associates, P.C., Frank L. McGuane, Jr., Denver, for Appellee.

Thomas H. May, Denver, for Appellant.

Opinion by Judge CRISWELL.

Robert J. Nussbeck (husband) appeals from two orders finding him in contempt of court and imposing both remedial and punitive sanctions upon him. We affirm the remedial contempt order, but reverse the punitive contempt order.

The dissolution proceedings in which these two contempt orders were entered have a long and unique history. The petition to dissolve this 19–year marriage was filed in August 1986, by which time one of the parties' two children was already emancipated. By agreement, an order was entered in April 1987 on a temporary basis, directing husband to pay to Patricia J. Nussbeck (wife) the sum of $330 per month as both maintenance and child support, without allocation. The husband failed to pay at least a portion of the amounts required to be paid by this April 1987 order, and in October 1990, a judgment against him for $13,200 was obtained by the wife.

Later, in May 1991, a decree of dissolution entered. At that time, however, the court, noting that the parties' business was subject to federal court bankruptcy proceedings, determined that permanent orders could not then be entered, and it reserved its jurisdiction for the entry of the same at a later time.

Such permanent orders were finally entered, effective March 1994. By that time, interest had increased the amount of the 1990 judgment to some $19,100, not considering payments of some $5,200 that the husband had made.

The March 1994 permanent orders noted that, as of May 1993 (about one year before the hearing), there had been a resolution of the husband's liability for future payments. It also found, however, that, between the

entry of the October 1990 judgment and May 1993, the husband had incurred additional arrearages in the amount of some $11,753.24. In addition, it found that the husband had sold a ring that he had given to wife, and it directed that he pay her the sum of $8,000, representing its market value.

With reference to the husband's financial status, it found that he earned $2,000 a month "as a draw" and was provided with automobile and health insurance. Because it determined that the husband had "the ability to borrow money from his brother in order to help his business," the court directed that the husband pay the then recent arrearages of $11,753.24 forthwith and the $8,000 for the ring within 60 days. It emphasized that the husband "does have the ability to pay the arrearages." This finding, however, related solely to the arrearages accruing since the entry of the 1990 judgment and not to any arrearages upon which that judgment was based.

In July 1995, about 15 months after these permanent orders were entered, the wife filed two motions seeking to have the husband held in contempt. One motion was based upon the husband's failure to pay either arrearages or the value of the ring, as directed by the March 1994 permanent orders. In this motion, only remedial sanctions and attorney fees were sought.

The second motion sought punitive sanctions and attorney fees based upon the husband's failure to pay the 1990 judgment.

After a hearing held before a magistrate in November 1995, more than five years after the October 1990 judgment and some 18 months after the entry of the March 1994 permanent orders, the husband was found guilty both of punitive contempt for failing to pay the October 1990 judgment and of remedial contempt for failure to pay the amounts he was ordered to pay by the court's March 1994 permanent orders.

## I. *The Remedial Contempt Order*

The husband asserts that the court's order finding him in contempt for failing to pay the arrearages that accrued between the judgment of October 1990 and May 1993 must be reversed because (1) the trial of the issues relating to this subject in conjunction with the issues raised by the wife's motion for punitive contempt violated his right to due process of law because he was prevented from testifying with respect to the remedial contempt issues for fear of implicating himself upon the subject of the punitive contempt, and (2) the wife failed to prove that he had the ability to comply with the March 1994 permanent orders. We disagree with both contentions.

As a threshold matter, we note that the remedial contempt order required the husband's incarceration until he paid, in full, all of the amounts ordered to be paid by the March 1994 permanent orders. At the beginning of the contempt hearing, the husband announced that he had the funds to pay these amounts. Hence, shortly after his jailing in accordance with the remedial contempt order, he paid all the sums required and was released.

■ Such payment, however, does not render the husband's appeal of the remedial order moot. This is true because this order was the predicate for the award of attorney fees, and in such cases, compliance with the sanctions imposed does not result in mootness. *Catron v. Catron*, 40 Colo.App. 476, 577 P.2d 322 (1978). Indeed, because a finding of contempt imposes a stigma upon its subject, it is doubtful that such an order can ever be considered as moot merely as a result of the subject's compliance with that order. *White v. Adamek*, 907 P.2d 735 (Colo. App.1995).

### A.

■ The husband's claim that he was prejudiced by the joint hearing on both contempt motions is similar to a criminal defendant's assertion that the joinder of two or more counts is prejudicial because of a need not to testify with respect to one of those counts. In such circumstances, in order to obtain a severance of the counts, the defendant must show that he or she has important testimony to give with respect to one count and a strong need to refrain from testifying upon one or more of the others. *People v.*

*Walker,* 189 Colo. 545, 542 P.2d 1283 (1975); *People v. Guffie,* 749 P.2d 976 (Colo.App. 1987).

A similar rule should be applied in punitive contempt proceedings. *See* C.R.C.P. 107(e) (remedial and punitive sanctions may be combined by court).

However, here, the husband made no objection to the joinder of the two motions for hearing before the magistrate who heard the matter, and neither in the trial court nor before us has he made the showing required by *People v. Walker, supra.* Consequently, he has failed to demonstrate any due process violation resulting from the joint hearing.

### B.

■ Likewise, we reject the husband's claim that the evidence was insufficient to support the court's remedial order.

■ To support a remedial sanction, based upon the violation of a prior court order, it is necessary to establish that the subject had the ability to comply with that order at the time that the order required action. *In re Marriage of Crowley,* 663 P.2d 267 (Colo.App.1983). In addition, it must also be established that the subject has the present ability to comply with that order, so that he or she may purge the contempt. *In re Marriage of Zebedee,* 778 P.2d 694 (Colo. App.1988). *See* C.R.C.P. 107(2) (in order to confine for remedial contempt, court must find a present ability to comply).

Here, the order that the husband allegedly violated was the order of March 1994, which directed the husband "forthwith" to pay the arrearages accruing after October 1990. And, contrary to the husband's assertions, that order specifically determined that the husband "does have the ability to pay [those] arrearages." Indeed, it was based upon this finding that the court ordered a forthwith payment of the arrearages and a payment for the ring to be made within 60 days.

In addition, the husband announced at the time of the contempt hearing that he was ready and able to pay the full amount due under the March 1994 permanent orders as of that time.

We conclude, therefore, that the court's order finding that the husband contemptuously failed to comply with the court's March 1994 order is supported by the evidence. Hence, the order finding him in contempt for failure to pay these amounts, as well as the remedial sanctions imposed, must be affirmed.

### II. *The Punitive Contempt Order*

■ The husband also argues that the court could not impose punitive sanctions upon him for his failure to pay the October 1990 judgment. We agree.

■ The wife's second motion and affidavit sought to have the husband held in punitive contempt based solely upon his failure to pay the October 1990 judgment; those moving papers made no reference to the husband's failure to comply with the underlying April 1987 order. Likewise, the magistrate's finding of punitive contempt was founded solely on the husband's failure to pay that judgment and not on his violation of some other court order. We conclude, however, that the failure to pay a money judgment, such as that involved here, cannot provide the basis for the imposition of either remedial or punitive contempt sanctions.

■ Because the wife chose to have a judgment at law entered for the pre-October 1990 arrearages, she cannot now seek a remedial contempt order to compel their payment. The entry of a judgment at law and the prosecution of a remedial contempt citation are alternative, not duplicative, remedies. *In re Marriage of Woodrum,* 618 P.2d 732 (Colo.App.1980).

Further, while the division in *Woodrum* suggested, in dictum, that there might be some circumstances in which punitive contempt sanctions might be imposed after a judgment has entered, we are convinced that, even if this be accurate, such sanctions must be based upon a violation of the underlying order requiring payment and not, as here, upon the failure to pay the judgment.

Colo. Const. art. II, § 12, prohibits any person from being "imprisoned for debt," except in specified circumstances, such as "in

cases of tort or where there is a strong presumption of fraud."

The exceptions to the prohibition, however, are not self-executing; they can be implemented only pursuant to legislation adopted by the General Assembly. *Kinsey v. Preeson,* 746 P.2d 542 (Colo.1987); *Corryell v. Lawson,* 25 Colo.App. 432, 139 P. 25 (1914). And, there is no statute decreeing that a judgment at law for arrearages is to be considered a judgment based on tort or one involving fraud.

Of course, the pertinent constitutional provision does not protect a party who willfully violates a court order to pay. Both remedial and punitive sanctions may, in appropriate cases, be imposed upon such a party. *Harvey v. Harvey,* 153 Colo. 15, 384 P.2d 265 (1963).

However, a money judgment at law is not an order to pay; it is simply a declaration that one party is indebted to another in a specified amount, leaving the judgment creditor to pursue the remedies provided by law. *San Luis Power & Water Co. v. Trujillo,* 93 Colo. 385, 26 P.2d 537 (1933). *See In re Marriage of Woodrum, supra.*

To be sure, in the course of execution proceedings upon such a judgment, a court may enter ancillary orders directing that the judgment debtor take certain actions, including the transfer of property. *See, e.g.,* C.R.C.P. 69(g). A willful failure to comply with such an order could furnish the predicate for the imposition of remedial or punitive sanctions. *Cf. Urbancich v. Mayberry,* 124 Colo. 311, 236 P.2d 535 (1951). However, no such order in aid of execution was entered here.

We conclude, therefore, that, because both the wife's motion and affidavit and the magistrate's finding of contempt relied solely upon the husband's failure to pay the October 1990 judgment as the basis for the punitive contempt sanctions, the resulting order of contempt and the punitive sanctions imposed therefor must be reversed.

The order finding the husband in contempt for violating the March 1994 order and awarding attorney fees relative thereto is affirmed. The order finding the husband in contempt for not paying the 1990 judgment, imposing punitive sanctions imposed upon him, and awarding the wife attorney fees for such failure is reversed.

MARQUEZ and TAUBMAN, JJ., concur