The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
June 13, 2019

## 2019COA87

## No. 17CA2416, *In re Marriage of January* — Civil Procedure — Remedial and Punitive Sanctions for Contempt; Attorney Fees; Appeals — Final Appealable Order

The case addresses whether an order imposing remedial sanctions is final and, therefore, appealable if the lower court has not yet determined the amount of attorney fees awardable as part of the sanction. A division of the court of appeals concludes that such an order is not final, siding with the line of authority holding that "reasonable attorney's fees in connection with the contempt proceeding" are a component of remedial sanctions under C.R.C.P. 107(d)(2). In reaching this conclusion, the division respectfully disagrees with *Madison Capital Co. v. Star Acquisition VIII*, 214 P.3d 557 (Colo. App. 2009).

COLORADO COURT OF APPEALS     **2019COA87**

Court of Appeals No. 17CA2416
Douglas County District Court No. 13DR30291
Honorable Alex J. Martinez, Judge

In re the Marriage of

Tiffany Rose January,

Appellee,

and

Jeffrey Forrest January,

Appellant.

APPEAL DISMISSED

Division IV
Opinion by JUDGE LIPINSKY
Román and J. Jones, JJ., concur

Announced June 13, 2019

Epstein Patierno LLP, Courtney J. Allen, Denver, Colorado, for Appellee

The Locke Law Firm PC, Teresa D. Locke, Denver, Colorado, for Appellant

¶ 1     Following the entry of final orders in her dissolution of marriage case, Tiffany Rose January (mother) sought remedial sanctions against Jeffrey Forrest January (father) for, among other things, not paying his share of their daughter's tutoring expenses. The magistrate found father in remedial contempt and imposed sanctions consisting of the tutoring expenses and mother's attorney fees incurred in connection with the contempt proceeding. Father objected to the amount of attorney fees awarded to mother. The magistrate has yet to rule on the objection.

¶ 2     The district court agreed with and adopted the magistrate's order awarding the tutoring expenses to mother. Father appeals the district court's ruling.

¶ 3     In light of the procedural posture of father's appeal, we consider whether a contempt order is final and appealable during the pendency of an objection to the amount of attorney fees ordered "in connection with" the remedial contempt sanction. Because we conclude the answer is no, we dismiss father's appeal, without prejudice.

¶ 4     In doing so, we respectfully disagree with the holding in *Madison Capital Co. v. Star Acquisition VIII*, 214 P.3d 557, 560 (Colo.

1

App. 2009), and side with the line of authority holding that "reasonable attorney's fees in connection with the contempt proceeding" are a component of remedial sanctions under C.R.C.P. 107(d)(2). *See People v. Shell*, 148 P.3d 162, 178 (Colo. 2006); *Aspen Springs Metro. Dist. v. Keno*, 2015 COA 97, ¶ 34, 369 P.3d 716, 724; *In re Marriage of Webb*, 284 P.3d 107, 109 (Colo. App. 2011); *In re Lopez*, 109 P.3d 1021, 1024 (Colo. App. 2004); *Eichhorn v. Kelley*, 56 P.3d 124, 126 (Colo. App. 2002); *Sec. Inv'r Prot. Corp. v. First Entm't Holding Corp.*, 36 P.3d 175, 178 (Colo. App. 2001); *In re Marriage of Nussbeck*, 949 P.2d 73, 75 (Colo. App. 1997), *rev'd on other grounds*, 974 P.2d 493 (Colo. 1999).

## I. Background

¶ 5      The permanent orders, as relevant to this appeal, require the parties to share the tutoring expenses in proportion to their incomes. After father refused to pay his share of the daughter's fifth grade tutoring costs, mother moved under C.R.C.P. 107 for remedial contempt sanctions in the form of the tutoring expenses and the attorney fees she incurred in obtaining the sanctions. *See* C.R.C.P. 107(d)(2) ("In all cases of indirect contempt where remedial sanctions are sought, the nature of the sanctions and remedies that

2

may be imposed shall be described in the motion or citation.").  The parties agree that the attorney fees "are based on the contempt, and [father's] ability to pay the purge of the contempt."

¶ 6     Following an evidentiary hearing, the magistrate found father in contempt.  As a remedial sanction, the magistrate entered a judgment against father in the amount of $1,530 for his unpaid share of the daughter's tutoring expenses and $11,630 in attorney fees to mother.  *See* C.R.C.P. 107(d)(2) (providing that a court may assess "[c]osts and reasonable attorney's fees in connection with [a] contempt proceeding . . . in the discretion of the court").  The magistrate gave father an opportunity to challenge the reasonableness of mother's attorney fees.

¶ 7     Father objected to the award of attorney fees and requested a hearing under C.R.C.P. 121, section 1-22(2)(c).  *See Roberts v. Adams*, 47 P.3d 690, 700 (Colo. App. 2001) (notwithstanding the discretionary language in C.R.C.P. 121, section 1-22(2)(c), a party who requests a timely hearing on the reasonableness of attorney fees is entitled to a hearing).  The magistrate has not yet set a hearing or ruled on father's objection.

¶ 8    Meanwhile, father petitioned for district court review of the magistrate's contempt order. The district court adopted the magistrate's order awarding the tutoring expenses to mother. Father appeals the district court's decision.

¶ 9    While this appeal was pending, a motions division of this court directed the parties to show cause why father's appeal should not be dismissed, without prejudice, for lack of a final, appealable judgment, given that the magistrate has yet to rule on father's objection. After the parties responded, the division deferred ruling to the merits division.

## II.  Finality

¶ 10    We address whether the district court's order adopting the magistrate's contempt order is final and appealable, even though the magistrate has yet to rule on father's objection to the amount of attorney fees awarded to mother. *See Allison v. Engel*, 2017 COA 43, ¶ 22, 395 P.3d 1217, 1222 ("We must determine independently our jurisdiction over an appeal, nostra sponte if necessary.").

¶ 11    "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Baldwin v. Bright Mortg. Co.*, 757 P.2d 1072, 1073

(Colo. 1988) (quoting *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199 (1988)) (determining that district court order dismissing defendants' third-party claim and awarding attorney fees against them for bringing a frivolous action under section 13-17-102, C.R.S. 2018, was final and appealable even though the district court had reserved the amount of attorney fees for later determination). *But see Axtell v. Park Sch. Dist. R-3*, 962 P.2d 319, 321 (Colo. App. 1998) (deciding that district court order granting attorney fees under section 13-17-102 was not final and appealable because the attorney fee amount had not yet been determined).

¶ 12    Under C.R.M. 7(a)(3), only a final magistrate's order is reviewable. "For the purposes of appeal, an order deciding the issue of contempt and sanctions shall be final." C.R.C.P. 107(f). Thus, a contempt order is final once the district court adjudicates the contempt issue and imposes a "complete" sanction. *See Sec. Inv'r Prot. Corp.*, 36 P.3d at 178 (By its plain language, C.R.C.P. 107(f) "requires that, to constitute a final order, the determination of sanctions must be completed.").

¶ 13    As father points out, the holding in *Madison Capital* is almost directly on point. There, the division held that a contempt order

5

and a later attorney fee order "in connection with [the] violation of the Order" were separately appealable. *Madison Capital*, 214 P.3d at 559-60. Relying on *Baldwin*, the division reasoned that "[a] final judgment on the merits is appealable regardless of any unresolved issue of attorney fees." *Id.* at 560. The division dismissed as untimely the portion of the appeal concerning the underlying contempt order, but considered the appeal of the later attorney fee order. *See id.* We note that, unlike the present case, the contemnor in *Madison Capital* did not challenge the reasonableness of the attorney fee award. *See id.* at 559.

¶ 14 We disagree with the division's holding in *Madison Capital*. *See People v. Abu-Nantambu-El*, 2017 COA 154, ¶ 88, ___ P.3d ___, ___ ("[O]ne division of the court of appeals is not bound by a decision of another division.") (*cert. granted* Oct. 15, 2018).

¶ 15 As other divisions of this court have concluded, reasonable attorney fees are a component of remedial sanctions under C.R.C.P. 107(d)(2). *See Webb*, 284 P.3d at 109 ("We first conclude that attorney fees can be awarded only as a component of remedial sanctions."); *Eichhorn*, 56 P.3d at 126 ("C.R.C.P. 107(d)(2) specifically allows an award of attorney fees as a remedial

6

sanction . . . ."); *see also Aspen Springs Metro. Dist.*, ¶ 34, 369 P.3d at 724 (holding that remedial sanctions, such as the assessment of costs and attorney fees, cannot be imposed against a defendant whose violation of a court order had occurred in the past and, therefore, he could no longer purge his contempt); *Lopez*, 109 P.3d at 1024 ("Although attorney fees may be awarded in connection with remedial contempt, they may not be imposed as part of a punitive contempt sanction."); *Sec. Inv'r Prot. Corp.*, 36 P.3d at 178 ("[O]ther than costs and reasonable attorney fees, [under] C.R.C.P. 107(d)(2), a trial court is without authority to require, as a remedial sanction, . . . payments . . . that do not force compliance with or performance of a court order."); *Nussbeck*, 949 P.2d at 75 (a remedial order is "the predicate for the award of attorney fees"); *cf. Shell*, 148 P.3d at 178 ("Rule 107(d)(2) permits the assessment of costs and attorneys' fees where remedial sanctions are imposed against a contemnor.").

¶ 16    We agree with those cases' conclusion that C.R.C.P. 107(d)(2) allows a district court to award reasonable attorney fees as a remedial sanction.  (Father does not contest that the attorney fee award is part of the remedial sanction.)  Therefore, a contempt

7

order is not final until the attorney fees portion of the remedial sanction has been completely resolved. *See* C.R.C.P. 107(f).

¶ 17 In sum, father appealed too soon because the magistrate has not completed imposing remedial contempt sanctions against him. Accordingly, we must dismiss his appeal, without prejudice, for lack of a final order. *See* C.R.C.P. 107(f); *Sec. Inv'r Prot. Corp.*, 36 P.3d at 178.

## III. Appellate Attorney Fees

¶ 18 Given our conclusion that we lack jurisdiction to consider father's appeal, we need not address mother's request for recovery of her appellate attorney fees and costs under C.A.R. 39.1 and section 13-17-102. *See In re Marriage of Barnes*, 907 P.2d 679, 685 (Colo. App. 1995) (remanding for further proceedings where the record was insufficient to allow appellate court to determine whether the court erred in denying the husband's section 13-17-102 attorney fees request). (Mother's answer brief cites to the previous number of the rule, C.A.R. 39.5, which pre-dates her request for appellate attorney fees.) Mother's attorney fees request under C.A.R. 39.1 and section 13-17-102 will be ripe for

adjudication once the district court enters a final, appealable order setting the full amount of the remedial sanction.

## IV. Conclusion

¶ 19    We dismiss the appeal, without prejudice, for lack of a final order.

JUDGE ROMÁN and JUDGE J. JONES concur.