23CA1432 Marriage of Scott 11-21-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1432
El Paso County District Court No. 17DR2901
Honorable Russel H. Granger, Judge

In re the Marriage of

Jordan Marc Scott,

Appellant,

and

Crystal Renee Richmond,

Appellee.

APPEAL DISMISSED IN PART, ORDERS VACATED,
AND CASE REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE GROVE
Freyre and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 21, 2024

Jordan Marc Scott, Pro Se

No appearance for Appellee

¶ 1         In this post-dissolution of marriage proceeding involving Jordan Marc Scott (father) and Crystal Renee Scott, now known as Crystal Richmond (mother), father appeals the following orders: (1) a July 18, 2023, order denying his motion to modify parental responsibilities and child support (July 18 Order); (2) an August 1, 2023, order denying his motion to reconsider the July 18 Order (August 1 Order); and (3) a November 1, 2019, order, which requires him to give mother the children's travel itinerary when he takes them on vacation (November 1 Order).  We dismiss the appeal with prejudice in part and dismiss without prejudice in part.

## I.    July 18 and August 1 Orders

¶ 2    Father contends, and we agree, that we lack jurisdiction to review the July 18 and August 1 orders, either because they are not final and appealable or because his combined motion for reconsideration and disqualification stands as a barrier to finality.

## A.    Relevant Facts

¶ 3    When the parties' marriage ended in 2019, the district court granted equal parenting time and joint decision-making responsibility for their two children and ordered father to pay mother monthly child support.

1

¶ 4    In September 2020, the district court reallocated parental responsibilities, naming mother the children's primary residential parent and sole decision-maker.  The court also increased father's monthly child support obligation to $1,821.

¶ 5    Two years later, father filed a motion to modify parental responsibilities and child support (modification motion).  The district court set the modification motion for a contested hearing on its trailing docket on July 6, 2023, with a firm date on August 17, 2023.

¶ 6    Meanwhile, the district court issued a case management order requiring the parties, pursuant to C.R.C.P. 16.2(e), to exchange mandatory disclosures and file updated sworn financial statements.

¶ 7    After both parties filed their sworn financial statements, mother moved to compel discovery from father.  At the July 6 hearing, the district court ordered father to respond to mother's discovery requests within fourteen days and continued the matter to the firm date of August 17th.

¶ 8    On July 14, 2023, father objected to most, if not all, of mother's discovery requests, arguing that they were not relevant.

¶ 9    On July 18, 2023, the district court issued a written order denying father's modification motion.  In doing so, the court determined that father failed to comply with its order compelling discovery, noting that he simply repeated the same objections that had been considered and rejected during the July 6th hearing.  But viewing the denial as a "significant sanction," the court stated that it would allow a request for "reconsideration" if father provided the required discovery within seven days.  The court noted that, because father had the ability to cure his discovery deficiencies, its order was not final and appealable, but it added that if he did not produce the required discovery within seven days, the order would become final and appealable.

¶ 10    On July 24, 2023, father filed a combined post-trial motion for reconsideration and disqualification of the judge under C.R.C.P. 97.  He electronically signed, under penalty of perjury, that the statements in the motion were true and correct.

¶ 11    On August 1, 2023, the district court denied father's request for reconsideration, but it did not address his request for disqualification.

## B.     Relevant Law

¶ 12     An appeal may be dismissed if it is from a nonfinal order.  See C.A.R. 1(a) (appellate jurisdiction is limited to review of final orders); § 13-4-102(1), C.R.S. 2024 (same); see also Scott v. Scott, 2018 COA 25, ¶ 11 (a final order is a jurisdictional prerequisite to review on appeal).  An order is final and therefore appealable when it disposes of the litigation such that there is nothing further for the court to do other than execute on the judgment.  *In re Marriage of January*, 2019 COA 87, ¶ 11; *see also In re Marriage of Nelson,* 2012 COA 205, ¶ 10.

## C.     Analysis

¶ 13     We conclude that the July 18 Order, when entered, was not final for purposes of appeal as it did not end the litigation on the merits and left more for the court to do.  *See January*, ¶ 11; *see also Nelson*, ¶ 10.  For example, the July 18 Order gave father a fixed time to meet his discovery obligations and also invited him to pursue "reconsideration" of the order.  Indeed, the order pointed out

that "[s]ince [father] has 7 days to cure, this [order] shall not be considered a final order for appeal."[1]

¶ 14     We further conclude that the August 1 Order is not final and appealable. Following the entry of the July 18 Order, father filed a combined post-trial motion, seeking reconsideration[2] as well as disqualification of the judge under C.R.C.P. 97. The August 1 Order denied his reconsideration request, but there is nothing in the order either acknowledging or ruling on father's request for disqualification.

---

[1] We recognize that the July 18 Order also indicated that if father did not produce the required discovery within seven days, "the order [would] become final and appealable." And while father did not supplement his discovery responses, he filed a combined post-trial motion for reconsideration (as instructed) and, in the same motion, sought disqualification of the judge under C.R.C.P. 97. In it, he maintained that his discovery obligations were completed on July 14; asserted that the judge refused to accept his discovery responses because of bias and prejudice against him; and asked that the judge disqualify himself.

[2] We observe that father's request for reconsideration of the July 18 Order cannot be construed as a C.R.C.P. 59 motion for reconsideration as no final order had entered. *See* C.R.C.P. 59(a) (authorizes relief from final orders); *see also Przekurat v. Torres*, 2016 COA 177, ¶ 53 ("[A] C.R.C.P. 59 motion may only be filed to challenge a final order or judgment, not a non-final or interlocutory order or judgment."), *aff'd*, 2018 CO 69, ¶ 53.

5

¶ 15    C.R.C.P. 97 provides that upon the filing of a motion to recuse, "all other proceedings in the case shall be suspended until a ruling is made thereon."

¶ 16    Thus, once father requested disqualification, the district court had to rule on that request before addressing father's request for reconsideration. The court did not address the C.R.C.P. 97 motion, however, and as a result, we must vacate the August 1 Order. *See Johnson v. Dist. Ct.*, 674 P.2d 952, 957 (Colo. 1984) (because the district court lacked authority to deny a motion for a change of venue until a disqualification motion was decided, the denial was vacated).

¶ 17    Because the August 1 Order is vacated, the July 18 Order is not final and appealable as father's combined post-trial motion for reconsideration and disqualification remains pending below. *See In re Marriage of Salby*, 126 P.3d 291, 295 (Colo. App. 2005) (an order that does not resolve all issues between the parties cannot be appealed until all final orders are entered); *see also Nguyen v. Lai*, 2022 COA 141, ¶ 14.

¶ 18    We therefore do not have jurisdiction over this portion of the appeal and dismiss it without prejudice. *See* C.A.R. 1(a)(1); *see also*

§ 13-4-102(1). When the district court enters a final order, either party may appeal that order as well as any ruling on father's motion for disqualification.

¶ 19    Given our disposition, we need not address father's other contentions.

## II.    November 1 Order

¶ 20    On November 1, 2019, the district court entered an order requiring father to provide mother with the children's travel itinerary when he takes them on vacation.

¶ 21    At the July 6, 2023, hearing, the district court enforced that order, directing father to give mother an itinerary of an upcoming two-week vacation with the children.

¶ 22    Father now asks us to overturn the November 1 Order — which was entered more than three years before he filed his notice of appeal in this court. But that order was final when it was entered. Because father did not timely appeal it, we dismiss this part of the appeal with prejudice. *See* C.A.R. 4(a)(1) (a party is required to appeal a final order within forty-nine days); *see also In re Marriage of Roddy*, 2014 COA 96, ¶ 12 (issues resolved in an order not appealed are not properly before the reviewing court).

## III.    Disposition

¶ 23    We dismiss without prejudice, for lack of jurisdiction, the part of the appeal concerning the July 18 Order so that the district court may enter a final order as to father's combined post-trial motion for reconsideration and disqualification.  Once a final order has been entered below, either party may seek appellate review.

¶ 24    We vacate the August 1 Order denying father's request for reconsideration because the district court had no authority to rule on the matter unless and until it addressed father's request for disqualification.

¶ 25    We dismiss with prejudice, for lack of jurisdiction, the part of the appeal concerning father's challenge to the district court's November 1 Order.

JUDGE FREYRE and JUDGE LUM concur.