Susan J. **FAIR**, Marilyn J. **Fair** and John H. **Fair**, Plaintiffs–Appellants, Cross–Appellees,

v.

Michael R. **WISE**, Silverado Banking f/k/a Silverado Savings and Loan Association and John Does A Through D, Defendants–Appellees, Cross–Appellants.

No. 86CA1496.

Colorado Court of Appeals, Div. I.

Nov. 19, 1987.

Rehearing Denied Dec. 17, 1987.

Certiorari Denied April 11, 1988.

Susan J. Fair, Marilyn J. Fair and John H. Fair, pro se.

Hughes & Dorsey, Richard L. Thorgren, Denver, for defendants-appellees, cross-appellants.

METZGER, Judge.

Plaintiffs, Susan J., Marilyn J., and John H. Fair, appeal the trial court's dismissal of their complaint against Michael R. Wise and Silverado Banking (Silverado) for failure to state a claim upon which relief can be granted. Silverado cross-appeals the trial court's denial of its request for attorney fees. We affirm in part, reverse in part, and remand for further proceedings.

The *pro se* plaintiffs filed a "Complaint for Conversion of Money and Contract Violation." In that complaint, plaintiffs alleged that Susan J. Fair and Marilyn J. Fair were signatories on a joint account held by Silverado, but that Susan J. Fair alone was the owner of the funds. However, upon receipt of an Internal Revenue Service notice of tax levy relating only to Marilyn J. Fair, Silverado removed the funds from the account and surrendered them to the IRS.

Silverado filed a C.R.C.P. 12(b)(5) motion to dismiss for failure to state a claim upon which relief can be granted. In this motion, Silverado asserted that federal law, specifically 26 U.S.C. §§ 6331 and 6332 (1980), preempted any state law claims plaintiffs might have had, and required it to surrender the funds in the account to the IRS, notwithstanding the joint nature of the account. As support for this assertion Silverado cited *United States v. National Bank of Commerce*, 472 U.S. 713, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985). The trial court granted Silverado's motion to dismiss, but declined to award the attorney fees it requested pursuant to § 13–17–102, C.R.S. (1986 Cum.Supp.).

## I.

On appeal, plaintiffs contend that their complaint sufficiently established the elements of conversion and breach of contract; consequently, they assert the trial court's dismissal of their complaint constituted error. We disagree.

Under 26 U.S.C. § 6331(a), the United States government is authorized, upon proper notice and demand, to collect delinquent taxes by levying upon all property and rights to property belonging to the taxpayer in question. 26 U.S.C. § 6332(a) requires "any person in possession of, or obligated with respect to, property or rights to property upon which a levy has been made, to surrender such property or rights to property." The penalty for noncompliance, as provided in 26 U.S.C. § 6332(c)(1), is liability "in a sum equal to the value of the property or rights not so surrendered, together with costs and interest...." Concomitantly, 26 U.S.C. § 6332(d) exculpates from liability any person who complies with the tax levy by providing:

"any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which levy has been made who surrenders such property shall be discharged from any obligation or liability to the delinquent taxpayer with respect to such property or right to property arising from such surrender of all payment."

In light of the foregoing statutory authority, we conclude that Silverado was

required to surrender any funds in an account controlled by Marilyn J. Fair, who was the subject of the notice of tax levy.

The fact that the account at Silverado was held jointly by Marilyn J. Fair, the subject of the notice of tax levy, and her mother, Susan J. Fair, does not alter our analysis. The United States Supreme Court resolved this issue adversely to plaintiffs' contention in *United States v. National Bank of Commerce, supra,* when it condoned an IRS levy on a joint account for delinquent taxes which were owed by only one of the account holders.

The court held that, if state law provides that property in a joint account may be withdrawn by either party, and if it provides that a bank's payment to one depositor is a complete defense against suit on a co-depositor's claim, all property in the joint bank account is subject to a levy to satisfy the tax obligations of one of the account's owners. In Colorado, such is the case. Section 11–6–105, C.R.S. (1987 Cum. Supp. 4B) provides in pertinent part:

> "When a bank deposit in any bank transacting business in this state is made in the names of two or more persons payable to them or to any of them, such deposit, or any part thereof or interest thereon, may be paid to any one of said persons ... and the receipt or acquittance of the person so paid shall be valid and sufficient discharge to the paying bank from all said persons...."

Consequently, we conclude that the trial court correctly determined that all property in the account was subject to the IRS levy, that Silverado was obligated to surrender those funds upon receipt of the notice of tax levy, and that plaintiffs' allegations of conversion and breach of contract failed to state a claim upon which relief could be granted.

## II.

On cross-appeal, Silverado asserts that the trial court erred in denying its request for attorney fees, citing § 13–17–102(6), C.R.S. (1986 Cum.Supp.) and contending that the action is frivolous and groundless. Silverado also requests attorney fees and costs pursuant to C.A.R. 38 for this appeal, contending that it is frivolous and groundless. We agree.

Section 13–17–102(6) precludes an award of attorney fees against a pro se litigant "unless the court finds that the party clearly knew or reasonably should have known that his action or defense, or any part thereof, was substantially frivolous, substantially groundless, or substantially vexatious...." Silverado asserted in the trial court, and renews that assertion here, that the bringing of plaintiffs' action is frivolous because it ignores other remedies provided by 26 U.S.C. § 6331, and because plaintiffs were cognizant of the other remedies. In *United States v. National Bank of Commerce, supra,* the Supreme Court held that a § 6331 levy is a provisional remedy which does not determine the rights of third parties until after the levy is made in post-seizure or administrative judicial hearings.

Plaintiffs concede that no administrative claim has been made by them and assert that they are "foreclosed" from seeking the admitted administrative remedies available. The basis of this contention, as contained in their affidavits in the record, is that, the "chief institution being used to destroy the Constitution, and the unalienable rights which are guaranteed by it, is the Internal Revenue Service of the Department of Treasury ... that plaintiffs are not 'persons' legally required to file a federal income tax Form 1040 return ... that they are not 'taxpayers' identified in the IRS Code...." Consequently, they state: "Plaintiffs have no administrative remedy because they are not taxpayers and only taxpayers have available to them the remedies provided by the tax code."

In our view, these assertions by plaintiffs demonstrate their knowledge that the bringing of the action and their appeal have no rational basis in fact or in law and, thus, are frivolous and groundless. *See Western United Realty, Inc. v. Isaacs,* 679 P.2d 1063 (Colo.1984). Nor can plaintiffs' assertions be construed to constitute a good faith effort to reverse or modify ex-

isting law. *See Western United Realty, Inc. v. Isaacs, supra.*

Accordingly, we conclude that the trial court erred in refusing to award attorney fees to Silverado, and we award Silverado attorney fees on appeal.

The judgment is affirmed as to the dismissal of plaintiffs' complaint; it is reversed as to the denial of attorney fees; the cause is remanded for the trial court to conduct such proceedings as are necessary to award attorney fees to Silverado both for the bringing of the action and for the appeal, and to enter appropriate orders.

PIERCE and CRISWELL, JJ., concur.