24CA1745 Hanson v Corry 12-04-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1745
Arapahoe County District Court No. 23CV150
Honorable Elizabeth Beebe Volz, Judge

---

Gregory L. Hanson and Melissa Hanson,

Plaintiffs-Appellees,

v.

Robert J. Corry, Jr.,

Defendant-Appellant.

---

APPEAL DISMISSED IN PART
AND ORDER AFFIRMED

Division VI
Opinion by JUDGE SULLIVAN
Welling and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 4, 2025

---

Joseph Stengel PC, Joseph P. Stengel Jr., Littleton, Colorado, for Plaintiffs-Appellees

Robert J. Corry, Jr., Pro Se

¶ 1    Defendant, Robert J. Corry, Jr., appeals the district court's dismissal of his counterclaims against plaintiffs, Gregory L. Hanson and Melissa Hanson, and its order awarding the Hansons attorney fees. We dismiss the appeal in part and affirm the attorney fees award.

## I.    Background

¶ 2    In April 2023, Maria Corry executed a warranty deed conveying her Englewood residence to the Hansons. Later that month, but before the Hansons moved in, Maria[1] was found dead in the residence. She was survived by her four children and her ex-husband, Corry, with whom she shared one of the children.

¶ 3    After Maria's death, the Hansons agreed to give Corry and his child temporary access to the property to retrieve belongings. But by May 2023, Corry hadn't vacated the property. The Hansons therefore served a notice to quit on Corry, alleging that he had forcibly entered and unlawfully taken possession of the property. The Hansons then filed a complaint and affidavit under the forcible

---

[1] Because Robert J. Corry, Jr., and Maria Corry shared the same last name, we refer to the former as Corry and the latter as Maria. We mean no disrespect by doing so.

entry and detainer (FED) statute, §§ 13-40-101 to -128, C.R.S. 2025, seeking to evict Corry and gain possession. The Hansons argued that Corry had no lawful tenancy or, alternatively, that any tenancy at will was terminated pursuant to the notice to quit.

¶ 4 Corry denied the allegations and asserted thirty affirmative defenses and five counterclaims. The Hansons moved to dismiss Corry's affirmative defenses and counterclaims, arguing, among other things, that he lacked standing because he held no cognizable interest in the property. The district court agreed and dismissed Corry's counterclaims for lack of standing.

¶ 5 In March 2024, the court granted possession of the property to the Hansons after a hearing. The Hansons timely moved for $31,647 in attorney fees and submitted supporting declarations, affidavits, and itemized bills and receipts. *See* § 13-40-123, C.R.S. 2025 (authorizing damages to the prevailing party in an FED action, including "reasonable attorney fees"). Corry opposed the motion and requested an evidentiary hearing.

¶ 6 The district court found that the Hansons should receive an award of attorney fees as the prevailing parties, but it agreed with Corry that he was entitled to a hearing on the reasonableness of the

fees. Only one of the Hansons' two attorneys (the primary attorney) testified at the reasonableness hearing; the other attorney (the nonappearing attorney) had previously withdrawn after Corry filed his counterclaims. After the hearing, the court awarded the Hansons $10,860 in attorney fees, representing a 66% reduction from their request. As to the nonappearing attorney's fees specifically, the court reduced the requested amount by 72%.

¶ 7 Corry appeals. He contends that the district court erred by (1) dismissing his counterclaims; (2) awarding the Hansons attorney fees that weren't permitted under the FED statute; and (3) awarding the Hansons attorney fees for work completed by the nonappearing attorney.

## II. Dismissal of Corry's Counterclaims

¶ 8 As a preliminary matter, we conclude that we lack jurisdiction to consider Corry's appeal of the district court's order dismissing his counterclaims.

¶ 9 With exceptions not relevant here, we have appellate jurisdiction over only final judgments. § 13-4-102(1), C.R.S. 2025; C.A.R. 1(a); *L.H.M. Corp., TCD v. Martinez*, 2021 CO 78, ¶ 14. "[A] judgment is final and therefore appealable if it disposes of the entire

3

litigation on its merits, leaving nothing for the court to do but execute the judgment." *L.H.M. Corp.*, ¶ 14 (quoting *Baldwin v. Bright Mortg. Co.*, 757 P.2d 1072, 1073 (Colo. 1988)). "[A] judgment on the merits is final and appealable notwithstanding an unresolved issue of attorney fees." *Id.* at ¶ 23.

¶ 10    "The timely filing of a notice of appeal in accordance with C.A.R. 4(a) is mandatory and jurisdictional." *Goodwin v. Homeland Cent. Ins. Co.*, 172 P.3d 938, 943 (Colo. App. 2007). To qualify as timely, an appellant must file a notice of appeal with our court "within 49 days after entry of the judgment, decree, or order being appealed." C.A.R. 4(a)(1).

¶ 11    On March 7, 2024, the district court granted the Hansons possession of the property and entered judgment in their favor. On August 15, 2024, the court awarded attorney fees to the Hansons. Corry filed his notice of appeal on October 3, 2024.

¶ 12    The March 7 order constituted a final judgment on the merits. It resolved the issue of possession of the property, and the court had already disposed of all other issues, except attorney fees, in prior orders. But Corry didn't file his notice of appeal until October 3, more than six months later. Thus, because Corry didn't file his

notice of appeal within forty-nine days of the March 7 order, his appeal of the court's order dismissing his counterclaims is untimely. This is so notwithstanding the court's later order resolving the Hansons' request for attorney fees. *See L.H.M. Corp.,* ¶¶ 9-10, 29-30 (appeal untimely because not filed within forty-nine days of merits order, even though filed within forty-nine days of order awarding attorney fees). We therefore dismiss the portion of Corry's appeal challenging the district court's dismissal of his counterclaims.

¶ 13 Corry did, however, file his appeal within forty-nine days of the district court's order awarding the Hansons attorney fees. We therefore address his contentions challenging the attorney fees award. *See Goodwin,* 172 P.3d at 945 (appeal timely only as to order concerning attorney fees).

### III. Attorney Fees Under the FED Statute

¶ 14 Corry contends that the district court erred as a matter of law by awarding the Hansons attorney fees under the FED statute. Specifically, he argues that the statute prohibits the recovery of attorney fees unless a residential rental agreement between the parties provides for such an award. We disagree.

5

## A. Standard of Review and Applicable Law

¶ 15    We review questions of statutory interpretation de novo. *Miller v. Amos*, 2024 CO 11, ¶ 11. In doing so, we read the statutory framework as a whole, giving consistent, harmonious, and sensible effect to all its parts, and we give words and phrases their ordinary and common meanings. *Id.* at ¶ 12. When a statute's language is clear and unambiguous, we apply the statute as written and need not resort to other tools of statutory interpretation. *Id.*

¶ 16    The prevailing party in an FED action is entitled to recover their reasonable attorney fees, "except that a residential landlord or tenant who is a prevailing party shall not be entitled to recover reasonable attorney fees unless the residential rental agreement between the parties contains a provision for either party to obtain attorney fees." § 13-40-123.

## B. Analysis

¶ 17    We perceive no basis for reversing the district court's award of attorney fees to the Hansons. The plain language of the statute is clear: A prevailing party in an FED action is unconditionally entitled to their reasonable attorney fees unless that party is a residential

landlord or tenant, in which case their rental agreement must provide for an award of attorney fees. *See id.*

¶ 18    The overall statutory framework reinforces this interpretation. FED actions can be premised on multiple theories, including but not limited to "[w]hen entry is made, without right or title, into any vacant or unoccupied lands or tenements"; when a "tenant or lessee holds over without permission of the tenant's or lessee's landlord"; and "[w]hen the property has been duly sold . . . and the purchaser . . . has duly demanded . . . possession." § 13-40-104(1)(a), (d), (f).  Taken together, the statutory framework makes clear that some FED actions involve a residential tenancy while others don't.

¶ 19    Here, all agree that the Hansons were the prevailing parties. In the district court, Corry never alleged that the Hansons were "residential landlord[s] or tenant[s]." § 13-40-123.  Rather, he claimed that the Hansons didn't own the property because the real estate contract between the Hansons and Maria was fraudulent and invalid.  He also requested that the property be returned to the "Estate of Maria Corry," not that he be allowed to continue residing in the home as a tenant.  And while the Hansons asserted a right to

terminate any "tenancy at will," they specifically disclaimed that Corry qualified as a tenant at will and instead alleged that Corry had entered the property unlawfully.

¶ 20    In short, because the Hansons prevailed below and nothing suggested that they were residential landlords or tenants, the district court properly awarded them attorney fees.[2]  *See Bank of N.Y. Mellon ex. rel. Holders of the Alt. Loan Tr. 2007-16-CB Mortg. Pass Through Certificates v. Peterson*, 2018 COA 174M, ¶¶ 11, 42 (prevailing bank that acquired property in foreclosure sale was properly awarded attorney fees).

¶ 21    We also reject Corry's contention that the Hansons waived their right to attorney fees by failing to request them in the initial complaint.  *See* C.R.C.P. 121, § 1-22(2)(b) (attorney fees must be

---

[2] We don't consider Corry's citation in his reply brief to an unpublished decision by a division of this court that, he says, supports his challenge to the district court's attorney fee award (We note that the unpublished decision was first cited in the Hansons' answer brief.).  By citing that case, both Corry and the Hansons violated this court's policy prohibiting parties from citing unpublished decisions of this court, with exceptions that don't apply here.  *See* Colo. Jud. Branch, *Colorado Court of Appeals Policies, Policy Concerning Citation of Opinions Not Selected for Official Publication* (2025), https://perma.cc/Z88K-5U7F; *State v. 5 Star Feedlot Inc.*, 2019 COA 162M, ¶ 25 n.9, *aff'd on other grounds*, 2021 CO 27.

requested within twenty-one days of judgment); *Roberts v. Adams*, 47 P.3d 690, 699 (Colo. App. 2001) ("[T]he trial court could properly address [attorney fees] after trial, whether or not [the prevailing party] had previously sought to reserve that issue.").

¶ 22    Accordingly, we conclude the district court didn't err by determining that the Hansons were entitled to their reasonable attorney fees under the FED statute.

## IV.    Attorney Fees for the Nonappearing Attorney

¶ 23    Corry also contends that the district court erred by awarding attorney fees for work performed by the Hansons' nonappearing attorney. He argues that (1) the Hansons couldn't carry their burden of proving the reasonableness of the nonappearing attorney's fees by offering only documentary evidence, and (2) he wasn't able to meaningfully cross-examine the nonappearing attorney. We perceive no basis to reverse.

### A.    Standard of Review and Applicable Law

¶ 24    "We review a district court's determination of reasonable attorney fees for an abuse of discretion." *Cronk v. Bowers*, 2023 COA 68M, ¶ 33. "A court abuses its discretion when the fees award is patently erroneous and unsupported by the evidence." *People v.*

9

*Shifrin*, 2014 COA 14, ¶ 111.  But we must disregard any error that is harmless — that is, any error that doesn't affect the substantial rights of the parties.  C.R.C.P. 61; *Leaf v. Beihoffer*, 2014 COA 117, ¶ 11.  An error doesn't affect a party's substantial rights if we can say with fair assurance that the error didn't substantially influence the outcome of the case or impair the basic fairness of the trial. *Leaf*, ¶ 11.  The party requesting attorney fees shoulders the burden of proving that they are entitled to such an award.  *Crow v. Penrose-St. Francis Healthcare Sys.*, 262 P.3d 991, 998 (Colo. App. 2011).

¶ 25     Attorney fees must be reasonable.  *Gomez v. Walker*, 2023 COA 79, ¶ 35.  When, as here, the statute providing for an attorney fees award doesn't provide a definition of "reasonableness," the district court must determine the amount that is reasonable in light of all the circumstances, based on the time and effort reasonably expended by the prevailing party's attorney.  *Patterson v. James*, 2018 COA 173, ¶ 44.  The court need not rely on any particular form of evidence in determining the reasonableness of the requested attorney fees.  *Id.*

¶ 26    Upon a timely request, the district court must hold a hearing on attorney fees if a hearing is required by law or if the court "determines in its discretion that a hearing would materially assist the court in ruling on the motion."  C.R.C.P. 121, § 1-22(2)(c). Although the latter part of this rule is couched in discretionary language, divisions of this court have held that the district court must hold a hearing when a party requests one and raises disputed issues of fact regarding the fees.  *See Roberts*, 47 P.3d at 700; *Walker v. Women's Pro. Rodeo Ass'n*, 2021 COA 105M, ¶¶ 81-82.

### B.    Analysis

¶ 27    We conclude that the district court didn't err by awarding the Hansons attorney fees for work performed by their nonappearing attorney.

¶ 28    At the outset, we reject Corry's argument that a party seeking attorney fees can't satisfy their evidentiary burden absent a hearing.  When the law doesn't require a hearing, as here, the district court must hold a hearing only when requested by an affected party who raises disputed issues of fact.  *See* C.R.C.P. 121, § 1-22(2)(c); *Roberts*, 47 P.3d at 700.  It necessarily follows that the party seeking attorney fees can satisfy their evidentiary burden by

11

relying on documentary evidence alone. *See, e.g., Gomez*, ¶ 39 (upholding fees award when the party didn't request hearing and the district court relied on fees affidavits, pleadings, expert witness disclosures, discovery responses, and transcripts in the record); *Dubray v. Intertribal Bison Coop.*, 192 P.3d 604, 608 (Colo. App. 2008) (attorney fees motion supported by sufficient evidence when lead counsel submitted detailed billing records and an affidavit describing legal background and experience of individuals who worked on the case).

¶ 29 To the extent Corry argues that he was denied due process because he didn't have the opportunity to cross-examine the nonappearing attorney, we disagree. Based on Corry's request and in compliance with C.R.C.P. 121, section 1-22(2)(c), the district court held an evidentiary hearing on the reasonableness of the Hansons' requested attorney fees. At the hearing, Corry extensively cross-examined the primary attorney regarding the Hansons' requested fees, including by asking several questions about the fees billed by the nonappearing attorney. The primary attorney said that he was familiar with the nonappearing attorney's billing practices, that he had personal knowledge of the legal work

performed on the FED matter, and that the nonappearing attorney's fees were reasonable.

¶ 30 Under these circumstances in which Corry had the opportunity to cross-examine a member of the Hansons' legal team who had had personal knowledge of the nonappearing attorney's fees, we discern no due process violation. Were it otherwise, a party could be denied attorney fees to which they were otherwise entitled simply because the party decided — perhaps with a prudent eye towards reducing fees — to have only their lead attorney represent them at the reasonableness hearing. *See Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1252 (10th Cir. 1998) ("[W]e can easily contemplate a scenario in which a junior associate spends hours of appropriately billable time on litigation yet remains unknown to the court."); *see also Coastal Fuels Mktg., Inc. v. Fla. Express Shipping Co.*, 207 F.3d 1247, 1253 (11th Cir. 2000) ("It was an abuse of discretion to disallow altogether [the prevailing party's] request for [out-of-state counsel's] attorney's fees just because [out-of-state counsel] did not send a member to the hearing" when the party had submitted the firm's billing records and presented expert testimony on reasonableness).

13

¶ 31     Even if we assumed the district court erred by awarding the Hansons fees for the nonappearing attorney's work without giving Corry the opportunity to cross-examine that attorney, any such error was harmless.  *See* C.R.C.P. 61.  On appeal, Corry doesn't identify any specific billing entries that he would have challenged or questions that he would have asked if he had the opportunity to cross-examine the nonappearing attorney.  *See Gold Hill Dev. Co., L.P. v. TSG Ski & Golf, LLC*, 2015 COA 177, ¶ 72 (conclusory allegations of prejudice are insufficient to establish harm).  Nor does he explain how cross-examining the nonappearing attorney would have influenced the hearing's outcome.  *See Curry v. Brewer*, 2025 COA 28, ¶ 45.  Given that the district court reduced the nonappearing attorney's fees by 72% without Corry cross-examining him, we can say with a fair assurance that his absence didn't substantially influence the outcome of the case or impair the basic fairness of the hearing.  *See Leaf*, ¶ 11; *see also Am. Water Dev., Inc. v. City of Alamosa*, 874 P.2d 352, 388 (Colo. 1994) ("Having participated in each stage of the proceeding, the trial judge was capable of understanding what was reasonably expended in attorney fees.").

14

¶ 32     Accordingly, we discern no error in the district court's decision awarding the Hansons attorney fees for work performed by the nonappearing attorney.

## V.     The Hansons' Appellate Attorney Fees

¶ 33     The Hansons request their appellate attorney fees under C.A.R. 38(b) and 39.1, contending that Corry's appeal is frivolous. Because Corry appears pro se and isn't an attorney or licensed legal paraprofessional, we may only assess attorney fees against him if we determine that he "clearly knew or reasonably should have known" that this appeal was frivolous.  § 13-17-102(6), C.R.S. 2025; *Fair v. Wise*, 753 P.2d 780, 782 (Colo. App. 1987) (quoting § 13-17-102(6)).

¶ 34     Although we have ruled against Corry, we can't say that his appellate arguments were frivolous.  *See Good Life Colo., LLC v. WLCO, LLC*, 2025 COA 8M, ¶ 107 (frivolous appellate arguments are those "so lacking in legal support that they were not rational" or interposed to harass or delay resolution of the case); *Mission Denv. Co. v. Pierson*, 674 P.2d 363, 365 (Colo. 1984) ("Standards for determining whether an appeal is frivolous should be directed toward penalizing egregious conduct . . . .").  Nor can we say that

15

Corry clearly knew or reasonably should have known that his appellate arguments were frivolous. We therefore deny the Hansons' request for appellate attorney fees.

## VI. Disposition

¶ 35 We dismiss the appeal in part and affirm the order awarding the Hansons attorney fees.

JUDGE WELLING and JUDGE GOMEZ concur.